IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> GIACOMO E. DI MASE, et al., <br><br> Defendants. | Case No. 16-09020-CV-W-ODS |

**ORDER AND OPINION (1) DENYING DEFENDANT DIETMAR ROSE'S MOTION TO DISMISS, AND (2) DENYING DEFENDANT LEE KRAUS'S MOTION TO DISMISS**

Pending are Defendant Dietmar Rose's ("Rose") motion to dismiss (Doc. #25), and Defendant Lee Kraus's ("Kraus") motion to dismiss (Doc. #20). Both motions are denied.

## I. BACKGROUND

Plaintiff, acting as bankruptcy trustee for Xurex, Inc., initially filed an adversary proceeding in the underlying bankruptcy proceeding, but the reference was withdrawn and the matter is now pending before this Court. Plaintiff brings several claims against Defendants stemming from the breach of contracts for minimum purchases of Xurex's products, misappropriation of Xurex's trade secrets, breaches of fiduciary duties owed by Defendants to Xurex, aiding and abetting breaches of fiduciary duties, and a civil conspiracy to engage in unlawful conduct. Faced with motions to dismiss, the Court will broadly describe the events leading to Xurex's bankruptcy filing and this lawsuit, and will provide more detail regarding the moving parties' involvement where necessary below.

Xurex, a Delaware corporation with its principal place of business in Jackson County, Missouri, was in the business of developing, manufacturing, and selling anti-

corroision and anti-abrasion chemicals primarily used in the oil and gas industry.[1] After Defendant Joseph Johnston developed a way to commercialize Xurex's technology, Johnston formed DuraSeal Pipe Coatings Company LLC ("DuraSeal Pipe"), which is also a defendant in this matter. Xurex entered into an agreement with DuraSeal Pipe in January 2010 by which DuraSeal Pipe became the exclusive licensee for use of Xurex's technology in North American oil and gas operations. Later that year, Defendant Jose Di Mase learned of Xurex's technology and subsequently acquired DuraSeal Pipe and Johnston's interest in Xurex. Jose Di Mase then created an entity named DuraSeal Holdings S.r.L ("DuraSeal Holdings"), also a defendant, with which Xurex entered into an agreement in December 2010 that made DuraSeal Holdings the exclusive worldwide licensee for applications of Xurex's technology in the oil and gas, automotive, and aerospace industries.[2] Each agreement provided for certain minimum purchases of Xurex's products, and provided royalty payments to Xurex for use of its technology.

      Plaintiff alleges Jose Di Mase used his control of the DuraSeal entities and interest in Xurex to gain control of Xurex's board of directors via litigation in Delaware in 2011. According to Plaintiff, these directors, including Defendants Johnston, Rose, and Robert Olson, then amended prior Xurex agreements with DuraSeal entities, in January 2012, in a manner that financially disadvantaged Xurex, and curtailed Xurex's ability to protect its trade secret information from the DuraSeal entities. Plaintiff alleges these amendments were done at the direction of Jose Di Mase in an effort to cause Xurex to shut down its operations and transfer its assets, rights, and operations to the DuraSeal entities. Following the amendments, Xurex's facility in Albuquerque, New Mexico, was shut down sometime in the spring of 2012, and its operations were relocated to DuraSeal Pipe's facility in Kansas City, Missouri.

      In August or September 2012, Jose Di Mase attempted to purchase Xurex in its entirety, but the offer was rejected by the Xurex board of directors. DuraSeal Pipe filed a declaratory judgment action in Delaware, which allowed Jose Di Mase to gain full

---

[1] All factual statements are taken from Plaintiff's Complaint. Doc. #1-2. At this stage, Plaintiff's factual allegations must be accepted as true and reviewed in the light most favorable to Plaintiff. *See* Section II.
[2] The Court refers to "DuraSeal entities" when reference to both DuraSeal Pipe and DuraSeal Holdings is necessary.

2

control over Xurex by the summer of 2013, and install yet another set of members on the board of directors that included Defendants Giacomo Di Mase (Jose's son), Leonard Kaiser, Tristram Jensvold, and Steve McKeon. At this time, Plaintiff alleges Xurex was no longer manufacturing its own product; rather, DuraSeal Pipe was improperly manufacturing the products itself or outsourcing production to a third party. Plaintiff also alleges Jose Di Mase controlled the boards of the DuraSeal entities, and installed Kraus as a member of both boards.

Plaintiff alleges the boards of Xurex and the DuraSeal entities conspired to declare Xurex's technology ineffective, shut down Xurex's production lab, cause Xurex to assume liabilities for legal fees and judgments unrelated to its operations, and wrongfully obtain Xurex's lab book, source code, and trade secrets. Finally, in September 2014, Xurex and the DuraSeal entities entered into another contract amendment that "completely eliminated" the DuraSeal entities' obligations to Xurex under prior agreements, ultimately causing Xurex to file for Chapter 7 bankruptcy protection.

Defendants Rose and Kraus move to dismiss Plaintiff's claims against them. Rose was a member of Xurex's board of directors from approximately September 2011 to June 2013. Since 2013, Kraus has been a member of the board of directors for both DuraSeal entities, and has served as DuraSeal Pipe CEO. Rose and Kraus argue Plaintiff failed to state a claim upon which relief can be granted.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. ANALYSIS

#### A. Rose's Motion to Dismiss

Rose, acting pro se, moves to dismiss Plaintiff's allegations against him, arguing "Plaintiff failed to make a claim because he did not provide any factual evidence for the many charges leveled against me." Doc. #25, at 1. In addition to the motion filed in this Court, Rose filed two motions to dismiss and several supporting documents in the bankruptcy court prior to the withdrawal of reference, which he incorporated in the instant motion. *Enslein, Tr. for Xurex, Inc. v. Di Mase, et al.*, Case No. 16-04103-DRD (Bankr. W.D. Mo.) (Docs. #17, 18, 51, 52, 54, 59, 60, 63).

The Complaint alleges Rose was a member of Xurex's board of directors and signed the January 2012 amendment to Xurex's agreements with DuraSeal entities. The amendment allegedly damaged Xurex because it provided for less favorable financial terms to Xurex than previous agreements, and allowed DuraSeal entities

4

access to and/or ownership of Xurex's trade secrets, among other things. Plaintiff alleges Rose was part of a civil conspiracy and breached his fiduciary duties owed to Xurex. In his motion, Rose states he "accept[s]" as fact that he "was a director of Xurex Inc. and that I signed an amended agreement with DuraSeal." Doc. #25, at 1-2.

Rose's motions and attached exhibits indicate Rose challenges the merits of Plaintiff's claims, rather than the legal sufficiency of the Complaint. Doc. #25, at 1-3 ("I have challenged the Plaintiff and I will continue to challenge the Plaintiff to produce any evidence against me that would support his claims....there has not been an attempt by the [Defendant] [sic] to resolve a contest between the parties about the facts or the substantive merits of the plaintiff's case because the Plaintiff has not presented any facts other than the two stated above and elsewhere....Plaintiff's complaint did not include any factual evidence."). A motion to dismiss premised on Federal Rule of Civil Procedure 12(b)(6), such as Rose's motion, is not the proper challenge to the merits of a claim. Rather, a 12(b)(6) motion to dismiss is a method to test the legal sufficiency of the complaint, and is not the proper method to challenge facts supporting a claim. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). At this stage, the Court is "under no duty to admit matters outside of the pleadings." *Id.* The Court will not engage in a searching review of documents submitted by Rose that are outside the pleadings, and does not base its decision on the substantive merits of a matter. The Court accepts as true, as it must, the allegations contained in Plaintiff's Complaint, and finds them legally sufficient to state a claim against Rose upon which relief can be granted. Accordingly, the Court denies Rose's motion to dismiss.

### B. Kraus's Motion to Dismiss

Kraus moves to dismiss Count VI alleging Kraus's involvement in a civil conspiracy, Count VIII alleging Kraus aided and abetted breaches of fiduciary duties, and Count V alleging Kraus's involvement in misappropriation of Plaintiff's trade secrets.

#### i. Civil Conspiracy

Kraus argues Count VI for civil conspiracy fails to state a claim upon which relief can be granted because Missouri law only recognizes such a claim if the underlying

5

wrongful conduct is pleaded as a tort, rather than a claim sounding in contract. Plaintiff argues the alleged underlying wrongful acts – "breach of contract, fraudulent transfer, aiding and abetting breach of contract, breach of fiduciary duty, and aiding and abetting breaches of fiduciary duties owed to [Plaintiff]" – form the basis for a cognizable civil conspiracy claim under Missouri law. Doc. #1-2, at 36; Doc. #29, at 13-18.

A civil conspiracy is "an agreement or understanding between persons to do unlawful acts, or to use unlawful means to do a lawful act." *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 77, 780-81 (Mo. banc. 1999) (citation omitted). A plaintiff must state a cause of action for an underlying wrongful or tortious act to present a viable claim for civil conspiracy. *Wiles v. Cap. Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citations omitted). A claim for civil conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged. *Oak Bluff Partners*, 3 S.W.3d at 781. "Unlawful" conduct is not limited to conduct that is criminally liable, rather individuals associating for the purpose of causing or inducing a breach of contract or business expectancy may be the basis for an unlawful conspiracy. *See W. Blue Print Co. v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012); *Lyn-Flex W., Inc. v. Dieckhaus*, 24 S.W.3d 693, 700-01 (Mo. Ct. App. 1999); *Schott v. Beussink*, 950 S.W.2d 621, 628 (Mo. Ct. App. 1997).

Breach of contract may be an underlying wrongful act on which a civil conspiracy claim is premised. *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 587 (Mo. Ct. App. 2008) (stating "[c]onspiracy to breach a contract has long been recognized as a plausible civil conspiracy claim in Missouri.") (citing *Contour Chair Lounge Co. v. Aljean Furniture Mfg. Co.*, 403 S.W.2d 922, 926 (Mo. Ct. App. 1966)). A conspiracy to "injure or destroy the trade, business or occupation of another is an unlawful conspiracy." *Id.* Finally, a civil conspiracy to breach fiduciary duties is a viable claim. *Roseman v. St. Louis Bank*, 858 F.3d 488, 500 (8th Cir. 2017).

Plaintiff's claim of civil conspiracy to commit the underlying wrongful acts alleged – "breach of contract, fraudulent transfer, aiding and abetting breach of contract, breach of fiduciary duty, and aiding and abetting breaches of fiduciary duties owed to [Plaintiff]" – states a viable claim. Furthermore, Plaintiff sufficiently pleaded these underlying

6

wrongful acts and its civil conspiracy claim. Plaintiff alleges Kraus was a board member of DuraSeal entities, acting with other Defendants for the unlawful objectives of inducing breaches of contract and improperly obtaining Xurex's trade secrets. Plaintiff sufficiently pleaded a "meeting of the minds" occurred in that Kraus was part of a group with "a unity of purpose or a common design and understanding" to obtain and disclose Xurex's trade secrets to the DuraSeal entities, and enter into a contract amendment with Xurex despite overlapping members on the boards of Plaintiff and the DuraSeal entities. *See Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 403 (8th Cir. 2017). Finally, Plaintiff pleaded damages resulting from injuries caused by Kraus and other Defendants' conduct. Accordingly, the Court denies Kraus's motion to dismiss Count VI because it states a viable claim under Missouri law, and Plaintiff sufficiently pleaded its civil conspiracy theory of liability.

### ii. Aiding and Abetting Breach of Fiduciary Duty

Kraus seeks dismissal of Count VIII for aiding and abetting breach of fiduciary duty. Kraus argues Missouri law does not recognize this theory of liability, while Plaintiff argues Missouri law recognizes the claim. Plaintiff also suggests Delaware law governs this claim because Xurex is a Delaware corporation. Because the Court determines Count VIII states a viable claim under Missouri law, the Court leaves for future determination the question of whether Delaware or Missouri law governs.

The tort of aiding and abetting is based on Restatement (Second) of Torts § 876(b) (1965), which provides:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he...knows that the other's conduct constitutes a breach of a duty and gives substantial assistance or encouragement to the other so to conduct himself.

As several courts note, the Missouri Supreme Court has yet to decide whether Missouri recognizes a cause of action for aiding and abetting breach of fiduciary duty. *See, e.g.*, *Bradley v. Ray*, 904 S.W.2d 302, 315 (Mo. Ct. App. 1995); *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 09-CV-01252-ERW, 2012 WL 3984486, at *5-10 (E.D. Mo. Sept. 11, 2012). The Missouri Supreme Court heard a case in which the Missouri Court of Appeals held a petition stated a cause of action for aiding and abetting breach of fiduciary duty, but the aiding and abetting claim was not addressed, and the matter was

7

resolved on other grounds. *Brandt v. Med. Def. Assocs.*, 856 S.W.2d 667, 669, 674-675 (Mo. banc 1993) (stating "[t]he court of appeals also held plaintiff's petition stated a cause of action...for aiding and abetting...in the commission of a tort, i.e., breach of fiduciary duty."). The *Brandt* opinion does not suggest the Court of Appeals was incorrect in its assessment of the law.

Several opinions from the Missouri Court of Appeals suggest a cause of action for aiding and abetting breach of fiduciary duty is viable under Missouri law. In *Bradley*, after noting the Missouri Supreme Court did not expressly recognize an aiding and abetting liability theory, the Missouri Court of Appeals proceeded to reject the plaintiff's claim on the merits, rather than as a matter of law, because the plaintiff did not plead facts to support the claim. 904 S.W.2d at 315. One year later, an aiding and abetting theory of liability was recognized by the Missouri Court of Appeals where the defendants allegedly encouraged tortious conduct that was a substantial factor in plaintiffs' injuries. *Shelter Mut. Ins. Co. v. White*, 930 S.W.2d 1, 3-4 (Mo. Ct. App. 1996). An aiding and abetting theory of liability has been recognized in the commission of trespass, assault, and battery. *See Curlee v. Donaldson*, 233 S.W.2d 746, 753 (Mo. Ct. App. 1950) (trespass); *Knight v. W. Auto Supply Co.*, 193 S.W.2d 771, 776 (Mo. Ct. App. 1946) (assault); *Phelps v. Bross*, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002) (battery).

Federal district courts in Missouri have recognized aiding and abetting breach of fiduciary liability claims. *Aguilar v. PNC Bank, N.A.*, Case No. 14-CV-985-LRR (E.D. Mo., Nov. 19, 2014) (Doc. #26, at 6-8); *Lonergan v. Bank of Am., N.A.*, No. 12-CV-04226-NKL, 2013 WL 176024, at *11-12 (W.D. Mo. Jan. 16, 2013) ("[Defendant] has not shown that, as a matter of law, aiding and abetting liability does not exist for torts in Missouri."). Additionally, the Eighth Circuit set forth the requirements to prove an aiding and abetting breach of fiduciary duty claim under Missouri law. *See Rosemann*, 858 F.3d at 499-500 (explaining what the plaintiff must prove by favorably citing *Bradley*, 904 S.W.2d at 315). Nor did the Eighth Circuit reject the *Aguilar* Court's review of Missouri law and finding that aiding and abetting was a viable claim. *Aguilar*, 853 F.3d at 403 n.15 ("As the district court recognized, the Missouri Supreme Court has yet to

decide whether Missouri recognizes a cause of action for aiding and abetting a breach of fiduciary duty. For purposes of appeal, we will assume that it does.").

The Court believes Count VIII states a viable claim under Missouri law. As stated above, the Missouri Supreme Court has yet to decide whether a claim for aiding and abetting breach of fiduciary duty is recognized under Missouri law. However, Missouri law recognizes an aiding and abetting theory of liability for certain intentional torts, and the recent Eighth Circuit decisions indicate a claim for aiding and abetting breach of fiduciary duty is a viable claim. Accordingly, the Court denies Kraus's motion to dismiss Count VIII.

### iii. Misappropriation of Trade Secrets

Kraus moves to dismiss Count V, alleging misappropriation of trade secrets, arguing the Complaint lacks specific allegations regarding his involvement in any alleged misappropriation.[3] However, Plaintiff sufficiently pleaded Kraus's involvement in allegedly unlawful efforts to obtain Plaintiff's trade secret information. Although Kraus argues Plaintiff's civil conspiracy claim fails to state a claim, the Court rejected this argument above. One of the purposes of the alleged conspiracy was to wrongfully obtain Xurex's trade secrets for use by the DuraSeal entities. Plaintiff pleaded Kraus's involvement on the board of directors of the DuraSeal entities and as DuraSeal Pipe CEO when Defendants allegedly had a "meeting of the minds" to acquire Xurex's trade secret information by deceiving an escrow company into releasing it. Plaintiff then alleges Kraus was "one of the few" recipients in an email conversation which included Xurex's former CEO, Defendant Kaiser, disclosing the trade secret information to the DuraSeal entities. The Court finds Plaintiff sufficiently pleaded Kraus's involvement in the alleged misappropriation of Plaintiff's trade secret information. Accordingly, the Court denies Kraus's motion to dismiss Count V.

---

[3] To demonstrate a misappropriation of trade secrets, one must show: "(1) a trade secret exists, (2) the defendant misappropriated the trade secret, and (3) the plaintiff is entitled to either damages or injunctive relief." *Central Tr. & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 312, 320 (Mo. banc 2014).

9

## IV. CONCLUSION

The Court denies Rose's motion to dismiss (Doc. #25), and denies Kraus's motion to dismiss (Doc. #20). Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Rose's and Kraus's answers to Plaintiff's Complaint are due fourteen days after entry of this Order.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 21, 2017         UNITED STATES DISTRICT COURT