IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 16-09020-CV-W-ODS<br>) |
| GIACOMO E. DI MASE, et al., | )<br>) |
| Defendants. | ) |

<u>ORDER AWARDING ATTORNEYS' FEES IN FAVOR OF PLAINTIFF
AND AGAINST ADAMS AND BEAUBEIN, INC. AS SANCTIONS FOR
NON-COMPLIANCE WITH SUBPOENA AND THE COURT'S ORDERS</u>

Beginning in February 2018, Plaintiff attempted to obtain documents informally from Adams and Beaubien, Inc. ("ABI"), an accounting firm utilized by Debtor Xurex, Inc. Doc. #180. Although counsel contacted ABI four times, he received no response. In April 2018, Plaintiff served a subpoena on ABI. Doc. #180. ABI was "commanded" to produce documents responsive to the subpoena on May 7, 2018. *Id.* at 2. ABI did not comply, and Plaintiff was forced to file a motion to compel ABI to comply with the subpoena. Doc. #208. On July 12, 2018, the Court granted Plaintiff's motion, and directed ABI to comply with the subpoena by no later than July 23, 2018. Doc. #222. The Court forewarned ABI that failure to comply with the subpoena and the Court's Order may result in a finding of contempt, which may include sanctions up to and including incarceration. *Id.*

Again, ABI did not comply. Doc. #226. On July 27, 2018, Plaintiff filed a motion asking the Court to find ABI in contempt. Doc. #227. On August 13, 2018, the Court issued an Order instructing John Adams ("Adams") and Richard Beaubein ("Beaubein"), the members or officers of ABI, to personally appear at a hearing on September 5, 2018, to show cause why Plaintiff's motion for contempt should not be granted. Doc. #235. Adams and Beaubein were informed their failure to appear would likely result in a finding of contempt, as well as the issuance of a warrant for arrest and detention. Although he received and signed for copies of the Court's August 13, 2018 Order (Docs. #253, 258), Adams did not appear at the hearing on September 5, 2018. Doc. #265.

On September 6, 2018, the Court found, by clear and convincing evidence, Adams was in contempt. Doc. #261. The Court allowed ABI one last opportunity to comply with the subpoena and produce all responsive documents by September 12, 2018. *Id.* The Court advised Adams his failure to fully comply with the Court's Order would result in the issuance of a warrant for his arrest and detention until the Court could convene a hearing. *Id.* On September 11, 2018, Plaintiff informed the Court that "ABI is now in compliance with the Court's orders directing its compliance with [Plaintiff's] subpoena." Doc. #267.

Had ABI simply corresponded with and produced documents to Plaintiff's counsel in April 2018 or complied with the subpoena in May 2018, Plaintiff would not have been forced to file (1) a motion to compel ABI to comply with the subpoena (Doc. #208), (2) a motion for order of contempt against ABI (Doc. #227), (3) prepare for and participate in a hearing, and (4) file two status reports (Docs. #226, 267). Although ABI was continually reminded of its duty to comply, ABI chose to disregard the subpoena and this Court's Orders, knowing full well sanctions could be imposed. ABI's refusal to comply led the Court to grant Plaintiff's request for an award of attorneys' fees associated with obtaining the documents from ABI. Doc. #261.

On September 14, 2018, as directed by the Court, Plaintiff filed his Verified Summary in Support of Request for Attorneys' Fees and Costs. Doc. #270. On September 20, 2018, the Court directed ABI to show cause by October 11, 2018, why the Court should not award the amount of fees and expenses requested by Plaintiff. Doc. #275. ABI, however, did not respond to the Court's Order.

Plaintiff seeks recovery of $12,635 in attorneys' fees and expenses associated with his efforts to obtain documents from ABI. Doc. #270. With regard to his motion to compel, Plaintiff incurred $1,287.00 in fees. With regard to his contempt motion, related hearing, and obtaining ABI's compliance, Plaintiff incurred $9,450.50 in fees. This latter amount represents the work of three attorneys and one paralegal who, among other things, drafted and revised the contempt motion; conducted legal research to support the contempt motion; prepared for hearing before the Court; attended and participated in the hearing; met with Adams and Beaubien after the hearing; met with Adams and his attorney for delivery of documents; and reviewed approximately 9,000 pages of records produced by ABI to ensure compliance with the scope of the subpoena.

With one exception, the Court finds the fees associated with Plaintiff's motions are reasonable. One of Plaintiff's attorneys spent 3.1 hours (at an hourly rate of $330) to "review documents obtained from other sources regarding ABI's work for Xurex in preparation for meeting with John Adams and his counsel, and confer with [co-counsel] in preparation for meeting; attend meeting with Adams and his counsel and review documents produced by Adams to assess completeness of production, and confer with [co-counsel] regarding same." Doc. #270, at 5. Regardless of the motions, Plaintiff would have reviewed documents from other sources regarding ABI's work for Xurex, and compared those documents with those ABI produced. Because counsel did not set forth what amount of time was spent on each task, it is unclear to the Court as to how much time was spent reviewing documents. Accordingly, the Court denies Plaintiff's request for $1,023.00 in attorneys' fees associated with this particular time entry.

Plaintiff also asks for $642.00 in fees for drafting and serving the subpoena, and $84.00 in expenses for serving the subpoena. The Court declines to award fees and expenses associated with the initial subpoena. While it would have been less costly for everyone involved had ABI responded to Plaintiff's counsel's informal communications, the issuance of a subpoena was a likely, if not anticipated, expense. Plaintiff also seeks recovery of $1,171.50 for Westlaw research associated with his motion to compel. The Court notes Plaintiff's three-page motion cited two cases, calling into question the more than $1,000 in costs. Doc. #208. In addition, legal research costs are generally not taxable in the context of a prevailing party's costs. *See Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). The Court is not inclined to award such expenses in this context, particularly when Plaintiff attorneys' fees associated with conducting the legal research are being awarded.

For the foregoing reasons, the Court enters sanctions against ABI in the amount of $9,714.50 for failing to comply with the subpoena and disregarding this Court's Orders. ABI shall remit payment to Plaintiff in the amount of $9,714.50. The Clerk of the Court is directed to mail copies of this Order via regular U.S. Mail, postage prepaid, and certified mail to the following:

Richard Beaubien
4770 N. Belleview Avenue, #101
Gladstone, MO 64116

John Adams
4770 N. Belleview Avenue, #101
Gladstone, MO 64116

IT IS SO ORDERED.

DATE: October 15, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT