IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> GIACOMO E. DI MASE, et al., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 16-09020-CV-W-ODS ) ) ) ) ) |

### ORDER (1) DENYING WITHOUT PREJUDICE DEFENDANT DIETMAR ROSE'S MOTION FOR SUMMARY JUDGMENT, AND (2) FINDING AS MOOT PLAINTIFF'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME

On December 6, 2018, Defendant Dietmar Rose, who is proceeding pro se, filed a motion for summary judgment. Doc. #294. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense…on which summary judgment is sought." Fed. R. Civ. P. 56(a). When moving for summary judgment, the movant asserting a fact is genuinely undisputed must support that assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Inadmissible evidence may not be used to support a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(B); *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (citation omitted).

In addition to the federal rule requirements, the Court's Local Rules require a party's suggestions in support of a summary judgment motion include "a concise statement of uncontroverted facts," and "[e]ach fact must be set forth in a separately numbered paragraph and supported in accordance with Fed. R. Civ. P. 56(c)." L.R. 56.1(a). The suggestions in support must also include the "applicable law," and be "concise and emphasize their primary authorities." L.R. 7.0(a). Additionally, suggestions in support shall not exceed fifteen pages (excluding exhibits, signature block, certificate of service, and statement of facts) unless otherwise permitted by the Court. L.R. 7.0(d)(1)-(2). Suggestions exceeding ten pages must include a table of contents and table of authorities. L.R. 7.0(d)(3).

Defendant Rose's summary judgment motion is 220 pages in length, and the exhibits exceed 5,000 pages. Docs. #294-98. The motion does not include a section dedicated to his purported statement of facts, does not set forth the purported facts in separately number paragraphs, and does not cite "to particular parts of materials in the record." Instead, the Court is directed to exhibits generally, with at least two exhibits exceeding 1,000 pages each and several exhibits exceeding 100 pages each. Docs. #298-5, 298-6. The motion contains minimal legal authority – four Delaware cases, a case in which no court is identified, and a case from the Eastern District of Missouri – and does not cite any decisions issued by the Court of Appeals for the Eighth Circuit. Doc. #294, at 118, 181-82, 184. Additionally, the motion discusses, among other things, the business judgment rule based upon information obtained from Wikipedia.com and other websites. *See id.* at 80-83. Those sources are not binding, and in all likelihood, are not admissible.

Plaintiff moved to strike Defendant Rose's summary judgment motion (or, in the alternative, requested an extension of time to respond to the motion) because of the rule violations set forth above, and Defendant Rose's failure to attach all exhibits referenced in his motion. In response to the motion to strike, Defendant Rose argued the "key material facts have been extracted from the exhibits" into his motion, he "presented concise statements of uncontroverted material facts in very specific headings in the table of contents with hyperlinks to the corresponding headings in the main document," and "[t]he material facts are in the form of specific E-Mails." Doc. #301, at 3. Defendant Rose asserted Plaintiff unjustifiably pointed to the Court's Local Rules because the rules "impose an unnecessary burden on the [Defendant] to spend even more time than already committed to the production of this document." *Id.* at 4. With regard to the missing exhibits, Defendant Rose stated Plaintiff's claim was false, he "has a much larger list of exhibits that he would introduce if necessary at trial," and he has chosen a subset of these exhibits in support of his motion for summary judgment." *Id.* at 5. Defendant Rose then proceeded to proffer four additional exhibits to support his summary judgment motion, but did not indicate what purported facts the additional exhibits support.

This Court "is not required to speculate on which portion of the record" a party relies, "nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (citation omitted). Defendant Rose asks the Court to read and rule his motion (Doc. #305, at 1), but the Court cannot consider a motion that disregards the rule requirements, does not set forth the purportedly uncontroverted facts in numbered paragraphs or in a manner that is easily decipherable, does not identify the particular pages on which the evidence cited by Defendant Rose can be found, and does not submit all exhibits upon which the motion relies. While the Court generally affords pro se litigants leniency in their filings, "*pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (citations omitted); *Farnsworth v. City of Kan. City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (citation omitted).

Due to the deficiencies noted above and the failure to comply with the federal and local rules, Defendant Rose's summary judgment motion cannot and will not be considered by the Court. Accordingly, Defendant Rose's summary judgment motion is denied without prejudice. Plaintiff's motion to strike Defendant Rose's motion is denied as moot.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 19, 2018        UNITED STATES DISTRICT COURT