UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for XUREX, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-09020-CV-W-ODS ) |
| GIACOMO E. DI MASE, et al., | ) ) ) |
| Defendants. | ) |

**TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, the Trustee hereby moves for partial summary judgment on (1) the standard of review that applies to the breach of fiduciary duty (and related aiding and abetting) claims, (2) the availability of certain Defendants' contractual uneconomic condition argument, and (3) a number of Defendants' unsupported affirmative defenses.

*First*, as for all Defendants, because it is uncontroverted that the Trustee's breach of fiduciary duty (and related aiding and abetting) claims concern transactions between Xurex, on the one hand, and its controlling shareholder, on the other hand, there is no genuine issue of material fact and entire fairness review applies as a matter of law.

*Second*, to the extent raised by each Defendant, the argument that DuraSeal Pipe Coatings Co. LLC n/k/a Energy Coatings LLC ("DPCC") and/or DuraSeal Holdings S.r.L. ("DMN") were permitted to eliminate minimum purchase obligations by invoking the 1/11/12 Amendment's fails as a matter of law, because the uncontroverted facts show that DPCC and DMN failed to comply with the 1/11/12 Amendment's unambiguous requirements for doing so.

*Third*, Defendants' Answers name a sweeping list of affirmative defenses, including, but not limited to: prior material breach, misrepresentation or fraud in the inducement, commercial frustration or impossibility of performance, ratification, lack of consideration or failure of consideration, and failure to mitigate damages. The Trustee is entitled to judgment as a matter of law on the identified defenses, because the uncontroverted facts show that Defendants cannot support essential elements of each of those defenses.

WHEREFORE, for each of these reasons, and for the reasons set forth in the Trustee's suggestions filed contemporaneously with this Motion, the Court should grant this requested relief or such relief the Court deems just and proper.

Dated: March 8, 2019  **POLSINELLI PC**

By: */s/ Todd H. Bartels*
TODD H. BARTELS         MO #45677
ROBERT V. SPAKE, JR.    MO #66813
E. BENTON KEATLEY       MO #69868
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
tbartels@polsinelli.com
rspake@polsinelli.com
ebkeatley@polsinelli.com

**ATTORNEYS FOR CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was electronically filed on the 8th day of March 2019 with the United States District Court for the Western District of Missouri using the CM/ECF system which will send notification of such filing to all parties requesting electronic notice.

Further, I hereby certify that a true and correct copy of the above and foregoing was served by first class United States mail, postage pre-paid, to:

Tristram G. Jensvold
522 Mills Point Rd.
Colchester, VT 05446

*/s/ Todd H. Bartels*
Attorney for Chapter 7 Trustee