IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 16-09020-CV-W-ODS |
| GIACOMO E. DI MASE, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART PLAINTIFF'S MOTIONS IN LIMINE

Pending are Plaintiff Jerald Enslein's motions in limine. Doc. #450. Defendants Dietmar Rose, Lee Kraus, Robert Olson, and Steve McKeon filed responses (Docs. #467, 478, 488) to Plaintiff's motions, but no other defendant has filed a response, and the time for doing so has passed. *See* Doc. #432. As set forth below, Plaintiff's motions in limine are granted in part, denied in part, and deferred in part.

The parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

### (1) Experts Not Disclosed

Plaintiff moves to exclude any testimony that would constitute expert opinion from any person not disclosed as an expert by the deadline set by the Court. He contends the only experts who were timely disclosed are Michele Pavone, Robert Reilly, and Jamil Baghdachi. Doc. #250, at 2.

Olson and McKeon do not object to this motion so long as the deposition testimony of former Xurex scientist John Lowry is not excluded. Doc. #488, at 2. Olson

and McKeon contend Lowry did not proffer an expert opinion, and thus, this motion in limine should not limit his testimony. *Id.*[1]

Rose, who is pro se, states he could not be expected to understand the Federal Rules of Civil Procedure, and know he should have disclosed that he wanted to offer expert opinion testimony. Doc. #467, at 3. He also argues he is "more than qualified as an expert in economic analysis and damage assessment to cross examine" Reilly. *Id.* Rose also states he did not know he would be excluded from cross-examining Reilly, but Plaintiff's motion does not limit Rose's ability to cross-examine any experts at trial.

Kraus argues this motion opens the door to Plaintiff characterizing any witness's testimony as "expert opinion." Doc. #478, at 8. Kraus also contends he "qualified as a financial expert who can offer expert opinion on valuation," and other witnesses, such as Lowry, may qualify as an expert. *Id.* While Kraus is pro se at this juncture in the case, he was represented by counsel when the Court's Scheduling and Trial Order, which is discussed *infra*, was entered.

According to the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure requirement was also outlined in the Court's Scheduling and Trial Order. Doc. #38, at 1-2. The requirement was also referenced in two other Orders. Doc. #120, at 1 (stating "the defendants shall designate any expert witnesses they intend to call at trial…."); Doc. #174, at 1 (stating "the defendants shall designate any expert witnesses [they] intend to call at trial….," and noting "[t]his paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether or not the witness was specially retained to provide trial testimony."). If a party fails to identify an expert

---

[1] Alternatively, Olson and McKeon argue that if the Court concludes any portion of Lowry's testimony constitutes expert testimony, the Court should admit the testimony "as a newly designated expert witness, solely for any matters offered in his deposition that the Court deems to require an expert designation." Doc. #488, at 4. They contend the belated designation is harmless because Lowry was deposed and there is no danger of unfair surprise to Plaintiff. Doc. #488, at 4-5. Neither party provides a copy of Lowry's deposition or identify where in the record the Court may find the deposition. In addition to not having the benefit of Plaintiff's response, the Court does not have enough information to consider Olson and McKeon's alternative request at this time.

witness, "the party is not allowed to use that…witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

If a party intended to call Lowry, Rose, and/or Kraus to offer expert testimony, the parties was required to disclose Lowry, Rose, and/or Kraus pursuant to Rule 26(a)(2)(A) and the Court's Scheduling and Trial Order. Because these individuals were not disclosed as expert witnesses, they are prohibited from testifying as expert witnesses at trial. Thus, Plaintiff's motion in limine is granted. The Court's ruling on this motion does not preclude Lowry, Rose, and Kraus from testifying as lay witnesses.

**(2)   Test Reports**

Plaintiff asks the Court to "preclude admission of the contents of test reports (including…through admitting the reports themselves) of any Xurex products for the truth of the statements therein." Doc. #450, at 3. He argues the reports are hearsay. He also maintains the reports were prepared by individuals who hold themselves out as experts, but those individuals were not designated as experts and were not deposed. Finally, he contends admitting the reports will lead to mini-trials regarding the preparation of materials sampled, formulations used, testing environment conditions, persons involved in the chain of custody, and testing methodology.

Kraus objects to this motion arguing "the very core of this matter…[is] the question of commercial viability of Xurex products." Doc. #478, at 9. He claims the Di Mases entered into licensing agreements and purchased DuraSeal Pipe based on the belief that Xurex's products were commercially viable. He argues evidence demonstrating the lack of viability of Xurex's products and the time that information was known to those involved in this matter are relevant.

Olson and McKeon argue Plaintiff's motion is overbroad because it seeks to not only exclude the admission of the test reports but also prohibit Defendants from simply referring to the test reports. Olson and McKeon contend this evidence is relevant, probative, and admissible because it demonstrates what Defendants knew about the testing efforts. Also, the evidence "may be offered to show what information guided Defendants' decision-making process, as well as for rebuttal, corroboration of Defendants' testimony about…product performance [concerns], impeachment, and

other non-hearsay purposes." Doc. #488, at 5. Rose does not specifically object to this motion. *See* Doc. #467.

Because at least some Defendants relied, in part, on one or more of the test reports when rendering business decisions, the test reports appear to be relevant. However, it is unclear if the test reports fall within an exception to the hearsay rule or if a foundation can be laid for the test reports. Without additional information, the Court cannot issue a ruling on this motion, and therefore, it defers consideration of this motion. To the extent a party seeks to present the test reports or inquire about the test reports, the party or its counsel (if the party is represented) must approach the bench prior to presenting evidence or inquiring about the test reports.

### (3) DuraSeal Pipe Customers' Statements

Plaintiff moves to exclude evidence and argument about DuraSeal Pipe customers' out-of-court statements offered by Defendants to show the reasons why non-party customers did not purchase or ceased purchasing coatings from DuraSeal Pipe. Plaintiff's motion includes statements that a coated pipe failed, the coating failed, or a reason why the coating failed. Plaintiff argues DuraSeal Pipe never made a warranty claim on the Xurex products; DuraSeal Pipe, "with limited exception," did not discuss specific customer statements with Xurex; the statements are hearsay or double hearsay; and any probative value the statements have is outweighed by the time it would it would take to prove the existence of each statement and the circumstances from which each statement arose.

Rose does not specifically object to this motion, but Kraus, Olson, and McKeon oppose the motion. Kraus maintains "[c]ompanies do not refuse to consider its customers' statements as a basis for why customers chose not to purchase a coating." Doc. #478, at 10. He contends the information upon which a business relies to exercise its judgment "is not governed by the Federal Rules of Evidence," and the statements are relevant to this lawsuit. *Id.* at 10-11. Kraus refers to the statements Plaintiff seeks to suppress as "negative market feedback…that was heard from or ascribed to customers." *Id.* Olson and McKeon argue the statements will be offered to illustrate Defendants' decision-making process, the facts known to them at the time they made decisions, and the context of events. They state the "ultimate issue at trial" will be

4

whether the Xurex board members breached their fiduciary duties. Doc. #488, at 6. Thus, Defendants' "perception of product-related issues, including what they [were] told by others…is… relevant to, and admissible in, the trial of this action.

If the statements are offered for the truth of the matters asserted therein, the statements are hearsay, and unless they satisfy an exception to the hearsay rule, they are not admissible. Fed. R. Evid. 802. In this regard, Plaintiff's motion is granted. However, if the statements are not offered for the truth of the matters asserted therein, it is unclear if Defendants can lay a foundation for admission of the statements. Similar to Plaintiff's Motion in Limine No. 2, the Court cannot issue a ruling on this motion at this time and defers consideration of this motion. To the extent a party seeks to present evidence of the statements or inquire about the statements, the party or its counsel (if the party is represented) must approach the bench prior to presenting evidence or inquiring about the statements.

**(4)   Unpled Defenses or Unidentified Facts for Pled Defenses**

Plaintiff moves to prohibit evidence or argument regarding unpled defenses or unidentified facts for defenses that were pled. He represents Defendants were asked to provide the factual support for their affirmative defenses in interrogatories, and Defendants should be limited to the facts they identified in those interrogatory answers.

Rose argues he "has a right to introduce all affirmative defenses and facts in this case without any restriction whatsoever." Doc. #467, at 1. Kraus contends it is difficult to identify evidence and argument on defenses not made, and he argues Plaintiff uses this motion to exclude evidence Plaintiff missed. Doc. #478, at 11. Olson and McKeon did not respond to this motion.

First, contrary to Rose's argument, a party does not have an unrestricted right to present affirmative defenses and facts. Instead, the Federal Rules of Civil Procedure require a party responding to a complaint to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). If an affirmative defense was not pled, that defendant may not present evidence or argument about the unpled affirmative defense. Second, Defendants were asked to provide the facts supporting their affirmative defenses during discovery, and they were required to "fully" answer each interrogatory. Fed. R. Civ. P. 33(b)(3). If Defendants failed to provide facts supporting their affirmative

5

defenses when they answered Plaintiff's interrogatories, they may not present evidence or argument about those undisclosed facts during trial.  For these reasons, the Court grants Plaintiff's motion.

**(5)    Previously Stricken or Withdrawn Defenses**

Plaintiff moves to exclude evidence and argument related to stricken or withdrawn defenses.  Olson, McKeon, and Rose do not raise objections to this motion.  Kraus argues withdrawn defenses should not be excluded "due to the prohibitive cost necessary to defend" DuraSeal Pipe and DuraSeal Holdings and "[e]vidence should not be suppressed…because a party could not afford to defend itself."  Doc. #478, at 11.

At the time the Court considered the parties' summary judgment motions, all Defendants, except Jensvold, Rose, and Kaiser, were represented by counsel.  Doc. #434, at 19.  Defendants did not respond to Plaintiff's argument that he was entitled to summary judgment on Defendants' affirmative defenses of commercial frustration, impossibility of performance, ratification related to the 9/25/14 Amendment, and fraud in the inducement related to the 1/11/12 Amendment.  Doc. #434, at 51-53.  Also, Defendants voluntarily withdraw the affirmative defense of failure to mitigate.  *Id.* at 52.

Contrary to Kraus's position, he is not permitted to bring new defenses at trial.  As explained in Motion in Limine No. 4, he was required to plead all affirmative defenses when he responded to Plaintiff's First Amended Complaint.  Pursuant to Defendants' withdrawal and the Court's rulings, the Court grants Plaintiff's motion.  No party shall present evidence or argument related to the defenses of commercial frustration, impossibility of performance, ratification related to the 9/25/14 Amendment, fraud in the inducement related to the 1/11/12 Amendment, and failure to mitigate.

**(6)    Law Firm's Relationship with Olson as Elected Official**

Plaintiff asks to preclude evidence that Polsinelli PC, the law firm representing him, or attorneys employed by Polsinelli contributed to Olson's past campaigns for public office or were involved in fundraisers for Olson.  Plaintiff believes Olson will introduce evidence that Johnston (or his relatives or corporate entities) contributed to Olson's campaign before and after Johnston nominated Olson to the Xurex board to show he is not beholden to Johnston, although Plaintiff does not seem to argue the

6

introduction of that evidence would be improper. However, Plaintiff notes Olson lists Polsinelli attorneys as rebuttal witnesses. Plaintiff argues that there is no suggestion that Polsinelli attorneys were involved in Olson being nominated to the Xurex board, and thus, this evidence is irrelevant, creates an "undue tendency to suggest decision on an improper basis," and is a personal attack on Plaintiff's counsel. Doc. #450, at 9-10.

McKeon and Rose do not raise objections to this motion. Kraus contends Olson should "keep the right of rebuttal." Doc. #478, at 12. Olson concedes evidence of campaign contributions made by Polsinelli attorneys and efforts by Polsinelli attorney to hold a campaign fundraiser on his behalf are relevant and admissible in this case only to counter Plaintiff's argument that Olson "sought to benefit DuraSeal and Johnston" with the 2012 Agreement because Johnston and DuraSeal contributed to his campaign. Doc. #488, at 7. Olson contends if Plaintiff presents evidence of Johnston's (or his relatives' or corporate entities') campaign contribution to demonstrate Olson's bias toward Johnston, Olson should be permitted to present evidence that he is not beholden to any campaign contributor, including Johnston and Polsinelli whose attorneys contributed to his campaign during this litigation. *Id.* at 7-9. Finally, Olson argues if this motion is granted, evidence of campaign contributions by any Defendant (or any family member of any Defendant) should also be excluded for the same reasons asserted by Plaintiff in support of his motion and because the evidence was not properly disclosed.

Whether Polsinelli attorneys contributed to Olson's campaign or planned a fundraiser for Olson is not relevant to the claims being tried. To the extent these facts could be considered relevant, any probative value they may have is substantially outweighed by unfair prejudice, confusion, misleading the jury, and wasting the jury's time. Fed. R. Evid. 403. For these reasons, Plaintiff's motion is granted. Olson shall not present evidence or argument regarding any campaign contributions from Polsinelli or its attorneys to his campaign or Polsinelli attorneys planning a fundraiser for him.

Olson did not file a motion in limine regarding Plaintiff's likely use of evidence that Johnston (or his relatives or corporate entities) or any other Defendant (or their relatives or corporate entities) contributed to his campaign. For this reason alone, Olson's request to exclude this evidence is denied. Moreover, this evidence is relevant to the claims being tried, and there is little to no risk that its probative value would be

7

outweighed by unfair prejudice, confusion, or any other basis set forth in Rule 403 of the Federal Rules of Evidence. For this additional reason, Olson's request is granted.

**(7) Plaintiff's Motive, Plaintiff's Hiring of and Payment Relationship with Counsel, Plaintiff's Investigation, the Case Being Lawyer-Driven, and Defendants' Alleged Claims**

Plaintiff moves to exclude evidence or argument regarding his motive for or conduct in bringing this litigation, including his decision to retain counsel, his payment relationship with counsel, his pre-Complaint investigation, and this is a lawyer-driven case. He believes Defendants will attempt to argue "it was improper, unethical, or immoral" for Plaintiff bring claims against Defendants. Doc. #450, at 10. He points to Rose claiming he was "tricked" into turning over Xurex's corporate records to Plaintiff, and Kraus's and Kaiser's repeated requests that Plaintiff "admit" their version of the facts. Finally, he asks the Court to bar evidence or argument regarding claims Defendants may bring or could have brought against Plaintiff. Olson and McKeon do not respond to this motion. Kraus and Rose oppose the motion.

Rose argues he has "irrefutable evidence of improper, unethical, or immoral conduct" by Plaintiff and his counsel. Doc. #467, at 4. He contends the evidence Plaintiff seeks to exclude is "highly relevant to or probative" of his case. *Id.* Rose states he would have filed counterclaims but does not have the financial resources to do so.

Without identifying legal authority, Kraus alleges "there is no attorney-client privilege for any communication between a trustee and an outside party whether or not trustee's counsel was present." Doc. #478, at 12. He claims Plaintiff "has blatantly and consistently violated this well established legal principle in discovery…." *Id.* Kraus, again without reference to legal authority, also argues "the law makes a fiduciary exception to attorney-client privilege in matters involving 'private' trustees and where the lawyer is the trust's lawyer and not the trustee's lawyer." *Id.* Kraus admits he is not a beneficiary of the trust, but other Defendants are, and they have a right to Plaintiff's outside communications. Finally, Kraus asks that if the fiduciary exception to the attorney-client privilege is limited, the Court should not apply the exception to pre-litigation communications.

Kraus's response suggests Plaintiff improperly withheld documents during discovery. The deadline to conduct discovery and raise discovery disputes with the

8

Court has long passed. Doc. #174, at 1 (setting January 31, 2019, as the deadline to conduct discovery and raise discovery disputes with the Court). Because he failed to raise this discovery dispute before the Court's deadline, Kraus waived his argument that Plaintiff improperly withheld documents during discovery.

Plaintiff's possible or perceived motive for filing this lawsuit is irrelevant to the claims being tried. Thus, the Court prohibits evidence or argument suggesting any motive, including that the matter is allegedly lawyer-driven, for Plaintiff to bring this suit. Likewise, evidence and argument about Plaintiff's decision to hire counsel, their payment relationship, and his pre-Complaint investigation are not relevant, and likely are protected by the attorney-client privilege or work product doctrine.

Finally, evidence and argument that Defendants may bring or could have brought claims against Plaintiff are excluded. Defendants have not filed counterclaims in this lawsuit, and the time for doing so has passed. Fed. R. Civ. P. 12, 13; Doc. #174, at 1 (setting July 24, 2018, as the deadline to amend pleadings). Also, evidence and argument of potential claims are not relevant, are speculative, and even if relevant, would cause confusion and unfair prejudice, and would mislead the jury.

**(8)       Claims Driven by Non-Party Board Members or Shareholders**

Plaintiff moves to exclude evidence and argument that his claims are driven by non-party board members or shareholders. Plaintiff represents Xurex's estate and does not represent any particular shareholder or creditor. He argues Defendants' insinuation that the case is driven by an allegedly improper relationship among Plaintiff, his counsel, and non-parties is improper and should not be admitted. Olson, McKeon, Rose, and Kraus oppose the motion.

Olson and McKeon concede evidence of Plaintiff's motive for filing the litigation is not admissible. But they contend evidence of communications between Plaintiff and non-party Xurex shareholders, directors, or officers about this litigation is relevant to show non-parties' bias against Defendants. Olson and McKeon identify testimony given by Ken Pederson and Bob Clifford, former Xurex officers and directors, in which they expressed their beliefs that some Defendants acted improperly as board members and indicated their support for the litigation. Olson and McKeon argue Pederson's and

9

Clifford's bias against Defendants would aid the jury in assessing credibility and would not unfairly prejudice Plaintiff.

Rose states he has proof that Plaintiff has been working closely with former Xurex directors who "committed criminal acts that caused serious damage to the shareholders and put [Rose] into a position as director of Xurex of having lost any ability to negotiate a fair amended contract with [DuraSeal Pipe]." Doc. #467, at 4. Rose also alleges he has evidence that the case is driven by an improper relationship among Plaintiff, his counsel, and former directors. He contends the evidence Plaintiff seeks to exclude is admissible. Kraus contends if former Xurex director "Pederson is an un-named co-Plaintiff, then that should have been disclosed long ago," so that Kraus could face his accuser. Doc. #478, at 14.

The Court grants Plaintiff's motion regarding evidence or argument as to the motive for Plaintiff's claims. The parties shall not present evidence or argument as to Plaintiff's motive for bringing this lawsuit. The Court denies Plaintiff's motion to the extent it seeks to exclude evidence regarding directors or shareholders expressing support for this lawsuit and/or Plaintiff bringing this lawsuit. Such evidence is relevant and admissible.

While not included in Plaintiff's motion, Rose's response refers to "criminal acts." Evidence of directors' alleged "criminal acts" are not admissible to impeach a director's character for truthfulness unless there was a conviction and other circumstances are met. *See* Fed. R. Evid. 609. If the alleged "criminal acts" are more akin to "bad acts," evidence regarding bad acts is also limited. *See* Fed. R. Evid. 404(b). Even if evidence of a prior bad act is probative, it will not be admitted if its probative value is substantially outweighed by, among other things, unfair prejudice. Fed. R. Evid. 403. If Rose intends to offer evidence or argument of "criminal acts" or "bad acts," he must approach the bench before presenting evidence or inquiring about said acts.

**(9)     Irrelevant Good Acts or Other Character Evidence**

Plaintiff seeks exclusion of certain character evidence because it is irrelevant and not admissible pursuant to Rules 404(a) and 405(a) of the Federal Rules of Evidence. He points only to Rose claiming credit as a whistleblower in unrelated criminal prosecutions, and Olson relying on his good deeds as a legislator and public servant.

Rose argues evidence that he has been a whistleblower supports his position that he has always acted in the interest of a company's shareholders. Kraus generally argues the evidence is relevant. Olson and McKeon concede the two examples cited by Plaintiff are not admissible. But Olson argues he should be permitted to introduce evidence of his work history, qualifications, professional background, processes/skills used when serving as a director, and his "skilled constituent service that impressed Joe Johnston and contributed to his nomination for the Xurex board." Doc. #488, at 11.

Rose's position suggests he intends to use the prior whistleblower lawsuits to demonstrate he is being truthful about acting in the interest of Xurex's shareholders. However, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to…support the witness's character for truthfulness." Fed. R. Evid. 608(b). For this reason, Plaintiff's motion is granted, and evidence and argument related to Rose serving as a whistleblower in prior litigation is excluded.

Plaintiff's motion appears to severely limit Olson's ability to present background information. Olson is permitted to provide general background information about his work history, qualifications, and his professional background, but he must provide this background information to the jury in less than five minutes. Olson is prohibited from introducing evidence or making arguments about his "good deeds" as a legislator. Regarding what "impressed" Johnston about Olson and what "contributed to" Johnston nominating Olson to the Xurex board are not within Olson's personal knowledge, and if Johnston communicated these matters to Olson, the statements are likely hearsay. Johnston can testify about what "impressed" him about Olson, and why he decided to nominate Olson to the Xurex board. Regarding evidence of Olson's character that Plaintiff seeks to exclude, Plaintiff's motion is granted in part and denied in part.

**(10)   Polsinelli's Prior Representation of DuraSeal Pipe**

Plaintiff moves to preclude evidence and argument regarding Polsinelli's prior representation of DuraSeal Pipe. He argues the Court resolved this issue when it denied DuraSeal Pipe's motion to disqualify Polsinelli as counsel for Plaintiff. Olson and McKeon do not respond to this motion. Kraus argues the hiring of Polsinelli is material and refutes the allegations of misconduct in the Complaint. Rose argues that although the Court resolved this issue, he "intends to raise it again at trial" because "conflict of

interest is…a matter of fact," and the individuals who hired Polsinelli are not named in lawsuit yet played substantial and active roles. Doc. #467, at 5.

In March 2018, the Court concluded DuraSeal Pipe, by failing to timely raise the issue, waived its objection to Polsinelli representing Plaintiff in this matter. Doc. #168, at 2-6. Even if the objection had not been waived, the Court concluded there was not a conflict of interest requiring disqualification because the matters on which Polsinelli provided services to DuraSeal Pipe were not the same or substantially related to the pending litigation. *Id.* at 7-10. In addition to the Court's previous decision on this issue, evidence of Polsinelli's unrelated representation of DuraSeal Pipe is not relevant to the claims in this matter. Fed. R. Civ. P. 401. Thus, Plaintiff's motion is granted.

**(11) Post-Petition Financial Condition of DuraSeal Pipe and DuraSeal Holdings**

Plaintiff argues the financial condition of DuraSeal Pipe and DuraSeal Holdings following Xurex's bankruptcy petition should be excluded because it is not relevant. Olson and McKeon concede the post-petition value of the DuraSeal entities is not relevant to the case. Rose does not object to this motion. Kraus contends the evidence of financial condition is relevant because DuraSeal Pipe lost most of its customers as a result of Xurex's commercial failure. DuraSeal Pipe's and DuraSeal Holdings's financial conditions after Xurex filed for bankruptcy protection is not relevant to Plaintiff's claims. Accordingly, Plaintiff's motion is granted.

**(12) Valuation of Xurex or its Property**

Plaintiff moves to preclude evidence and argument of the value of Xurex, its property, and its trade secrets, although he does not seek to exclude evidence about "the pre-petition fact and/or amount of offers (or purchases) to acquire all, or part, of Xurex." Doc. #450, at 14. He argues this evidence is relevant to the breach of fiduciary duty and civil conspiracy claims and may be used to impeach or rebut Defendants' claims that they determined Xurex was a "fraud" before continuing to invest in Xurex.

Rose contends evidence of Xurex's value and the value of its trade secrets is relevant to show the company's condition when Defendants inherited it. Kraus argues the evidence is relevant because the lawsuit asks "for financial settlement." Doc. #478, at 18. Olson and McKeon state they cannot adequately defend themselves if they are

not allowed to discuss the worth of the company or its products. They argue the company's value is relevant and probative of how Defendants fulfilled their roles as Xurex board members and made decisions regarding Xurex.

Xurex's value, the value of its assets, and the value of its trade secrets could be relevant to Defendants' position that they did not breach their fiduciary duties. But the Court is not aware of Defendants designating an expert witness to opine on these matters, and Defendants fail to set forth legal authority that would permit them to testify about these matters. Thus, Defendants are not permitted to present evidence or argument regarding the value of Xurex, its property, or its trade secrets. Regarding offers to purchase all or part of Xurex, which Plaintiff does not seek to exclude, these offers are likely hearsay. These offers could be admissible if a witness is otherwise qualified to testify about Xurex's value, the individual was timely disclosed as an expert witness, and the individual based his valuation, at least in part, on the offers. The Court is unaware of Plaintiff designating such a witness. For the foregoing reasons, Plaintiff's motion is granted in part and denied in part.

**(13) Failure to Protect Trade Secrets**

Plaintiff seeks to exclude evidence and argument that prior Xurex officers and directors failed to protect Xurex's trade secrets. He withdrew his misappropriation of trade secrets claim, and the failure to protect trade secrets is now irrelevant.

Kraus argues this evidence is relevant and should not be excluded. Rose contends this evidence is relevant because Plaintiff decided not to name former Xurex directors for their actions, but he accuses Defendants for taking the same actions. Olson and McKeon maintain prior officers' and directors' actions are relevant for illustrating the situation in which Defendants found themselves upon joining the board.

Plaintiff's claims arise from Defendants' actions or inactions, and the misappropriation of trade secrets has been withdrawn. Hence, what previous Xurex officers or directors did or did not do about Xurex's trade secrets is not relevant. Plaintiff's motion is granted.

**(14) Bad Acts by or Bad Character of Non-Party Xurex Officers or Directors**

Plaintiff believes Defendants, and Rose in particular, may attempt to present evidence or argument of prior bad acts by or bad character of non-party Xurex officers or directors. These alleged bad acts occurred before Defendants were directors and are not relevant to Plaintiff's claims or Defendants' defenses.

Rose opposes the motion, arguing the "criminal acts" of former directors and officers demonstrate the state in which he found Xurex when he was appointed to the board. Doc. #467, at 6-7. Kraus argues prior bad acts, including the Delaware Chancery Court's removal of board members due to breach of the duty of loyalty, are relevant and should be admitted because they "directly refute unfounded allegations in Plaintiff's complaint." Doc. #478, at 19. Olson and McKeon contend they should be permitted to introduce evidence of "mismanagement, infighting, and wasteful spending undertaken [b]y prior officers and directors as a means of showing the awful condition of the company when Olson, Johnston, and Rose started serving as directors [and] persisted to McKeon's…board tenure." Doc. #488, at 14-15.

The Court has already addressed Rose's references to and argument about "criminal acts." *See supra*, Motion in Limine No. 8. Whether non-parties committed bad acts does not support or refute allegations in this lawsuit, and thus, are not relevant. Fed. R. Evid. 401. To the extent these alleged prior bad acts are relevant, any probative value is outweighed by the danger of unfair prejudice and would confuse the issues being tried. Fed. R. Evid. 403.

**(15) Prior Litigation**

Plaintiff seeks to limit evidence or argument about prior litigation to only the following: establishing the origins and existence of this lawsuit, the parties' identities, the resolution of the lawsuits, communications by the parties to Xurex shareholders about the lawsuits, and the responsibility for fees and costs incurred in the lawsuits.

Olson and McKeon argue "a comprehensive discussion of the factual picture" of the Xurex board at the time they became directors is relevant to whether they breached their fiduciary duties. Doc. #488, at 15. Kraus posits that Plaintiff relies greatly on the prior litigation in his complaint, and the evidence "is relevant in showing that things implied or purported as being bad or 'unlawfull' [sic] in the Complaint, were proper and

14

even laudable." Doc. #478, at 19-21. Rose argues this evidence provides relevant facts and history that are significant to the current lawsuit.

Plaintiff's motion is granted in part and denied in part. The prior litigation provides context for the current lawsuit. The parties are permitted to introduce evidence about the existence of the prior lawsuits, the claims asserted in those lawsuits, and changes to the Xurex board resulting from those prior lawsuits. Beyond these three areas, the parties are not permitted to introduce evidence or present argument as to prior litigation before first approaching the bench.

**(16) Documents Not Produced in Discovery**

Plaintiff moves to preclude Defendants from using documents not produced during discovery. Olson and McKeon do not respond to this motion. Rose argues he should be permitted to introduce any documents produced during discovery and any exhibit he submitted to the Court. Kraus contends, among other things, it has been difficult to keep track of all the moving parts in this matter, he believes Plaintiff has abused privilege and hidden behind the work product doctrine, and he suspects "more things improperly hidden" will be found "as the case develops." Doc. #478, at 21-22. He also asks for "some flexibility on documents as the defendants learn a bit more about what it is they have been whispered to have done." *Id.* at 22.

The Federal Rules of Civil Procedure require each party to provide "a copy…of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). If a party fails to disclose a document, "the party is not allowed to use that information…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Pursuant to the federal rules, the parties are not permitted to use documents not disclosed during discovery unless the party first establishes the failure to disclose was substantially justified or harmless. Plaintiff's motion is granted.

**(17) Witnesses Not Disclosed**

Plaintiff asks the Court to preclude the testimony of witnesses who were not disclosed. Rose does specifically object to this motion in limine. Olson and McKeon do

not object to this motion so long as Plaintiff's motion includes supplemental Rule 26 disclosures within those allowed under the motion. Kraus raises the same arguments he did for Motion in Limine No. 16.

The parties are required to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). If a party fails to identify a witness, "the party is not allowed to use that…witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Accordingly, the parties are not permitted to call witnesses who were not disclosed unless the party first establishes the failure to disclose was substantially justified or harmless. Plaintiff's motion is granted.

**(18)  Settlement Communications**

Plaintiff moves to exclude evidence and argument about settlement negotiations. Olson and McKeon do not respond to this motion. Rose states he will introduce settlement negotiations and will establish those communications are relevant and probative. Kraus argues the motion should be denied or made to comply with Rule 408, which does not protect "otherwise discoverable evidence…under the guise of settlement agreements." Doc. #478, at 23.

Evidence of settlement offers and conduct and statements made during settlement negotiations are not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Such evidence may be admitted for another purpose, including "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). Although Rose states he intends to offer evidence of settlement negotiations, he does not explain the purpose for which he intends to offer said evidence. Pursuant to Rule 408, Plaintiff's motion is granted.

**(19) Extrinsic Evidence to Vary Contractual Terms or Create Ambiguity**

Plaintiff moves to exclude extrinsic evidence to vary the contracts' terms or to create ambiguity in the contracts. He argues no one has claimed the contracts are ambiguous, and therefore, the Court should exclude extrinsic evidence.

Rose does not specifically object to this motion. Kraus claims extrinsic evidence should not be excluded because "non-lawyers" and "[l]awyers sometimes do poor jobs on writing contracts"; all parties to the agreement are available to testify about the meaning of the contract terms; and some parties are not native English speakers. Doc. #478, at 23. Olson and McKeon argue Plaintiff "improperly attempts to cajole a legal ruling on the meaning of these agreements in the guise of an evidentiary query." Doc. #488, at 16. Also, they contend, among other things, there are admitted ambiguities between the 2010 agreements, and Plaintiff has designated deposition testimony in which the meaning of contract terms is discussed.

Plaintiff did not seek summary judgment on any of its breach of contract claims. Thus, whether the contracts are ambiguous has not been raised before the Court until Plaintiff's motion in limine. But a motion in limine is not the proper avenue for seeking a ruling by the Court on a substantive question of law. *See Lafarge N. Am., Inc. v. Discovery Grp., LLC*, 574 F.3d 973, 979 (8th Cir. 2009) (citation omitted) (noting whether a contract is ambiguous is a question of law). Plaintiff's motion is denied.

**(20) Claimed Breach of Warranty**

Plaintiff argues evidence and argument of a claimed breach of warranty should be excluded because DuraSeal Pipe and DuraSeal Holdings did not provide proper notice for such a claim. Olson, McKeon, and Rose do not raise specific objections to this motion. Kraus argues Plaintiff is asking the Court to "go in and eliminate contract termination clauses in order to justify the egregious assumptions used in the financial expert's damage calculations." Doc. #478, at 24. Plaintiff's motion is limited to a breach of warranty claim, and contrary to Kraus's contention, the motion does not seek to exclude evidence regarding other termination clauses, including Uneconomic Condition. Without evidence that DuraSeal Pipe or DuraSeal Holdings provided the requisite notice, they cannot present evidence or argument of a breach of warranty claim. Thus, Plaintiff's motion is granted.

**(21) Insurance Coverage**

Plaintiff moves to generally preclude evidence and argument about whether any defendant is protected by a directors and officers (D&O) insurance policy. There is one exception to Plaintiff's motion – he intends to present evidence that the "Second Di Mase Xurex Board" used "Xurex funds to obtain advice regarding their insurance coverage at the expense of obtaining independent advice on whether to accept [DuraSeal]'s legal fees and the 9/24/14 Amendment." Doc. #450, at 19.

Olson and McKeon maintain is "nothing improper" about a company's director obtaining insurance, and if Plaintiff is permitted to open the insurance door, they should be permitted to present evidence that they do not currently have insurance providing counsel or indemnity. Doc. #488, at 18. Rose argues he should be permitted to introduce evidence that directors' insurance was essential to him accepting a position on the board, and the fact that he was not protected by insurance has resulted in him paying his own expenses in this matter. Kraus contends this evidence should be permitted because "Plaintiff spent a staggering amount of time and effort during discovery…about insurance coverage," and Plaintiff allowed Xurex's D&O policy to expire under his watch.

The Court fails to see the relevance of the Xurex board using funds to obtain advice regarding insurance. To the extent such evidence could be deemed relevant, the danger of unfair prejudice outweighs what little probative value it may have. The parties are prohibited from presenting evidence or argument about D&O insurance policies.

**(22) Uneconomic Condition**

Plaintiff moves to limit evidence and argument in support of the Uneconomic Condition. He argues the 1/11/12 Amendment required the parties, after DuraSeal Pipe gave notice of the Uneconomic Condition, to enter into a written agreement to remedy the Uneconomic Condition, or if no agreement could be reached, provide written notice to reduce minimum purchase obligations. According to Plaintiff, the parties did neither, and thus, he argues Defendants should not be permitted to introduce evidence or argument that DuraSeal Holdings or DuraSeal Pipe entered into an Uneconomic Condition for any reason other than the stated reason in the written notice it sent.

18

Rose did not specifically object to this motion.  Kraus maintains the Uneconomic Condition is a key fact, and the evidence surrounding the Uneconomic Condition should not be limited.  Olson and McKeon argue the evidence of Uneconomic Condition would not be offered to prove DuraSeal Pipe or DuraSeal Holdings complied with the agreement, but to show the information available to Defendants when they were serving on the board and when they made decisions.  They also contend non-compliance with the contractual provision is a matter for cross-examination, not exclusion of evidence.

The notice regarding Uneconomic Condition is relevant.  To the extent DuraSeal Pipe or DuraSeal Holdings provides reason for the Uneconomic Condition other than the one stated in the letter, that is a matter for cross-examination.  Whether the parties complied with the notice provision is an issue to be presented to the jury.  Accordingly, the Court denies Plaintiff's motion.

### (23) Xurex's Waiver of Contractual Disclaimers

Plaintiff seeks to exclude evidence and argument that Xurex waived the warranty disclaimers in any contract by performing under other contractual provisions.  He argues Xurex's alleged waiver of the warranty disclaimers could not be valid because of the "no-waiver clauses and no-oral modification clauses within the contracts," and a party does not waive its rights under one contractual provision by performing under a different provision.  Rose, Olson, and McKeon do not specifically respond to this motion.  Kraus argues, without citation to legal authority, that Plaintiff is asking the Court to rewrite corporate and contract law, and therefore, the motion should be denied.

Based upon the arguments and information presented to the Court, whether Xurex possibly waived warranty disclaimers is not a fact "of consequence in determining" this matter and does not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.  Because this evidence is not relevant, the Court grants Plaintiff's motion.

### (24) "David and Goliath"

Plaintiff moves to exclude evidence or argument about the attorneys representing the parties in the case, the size of the law firms involved, a defendant's means to pay a judgment, or a defendant's means to pay counsel, inability to retain counsel, or decision

not to retain counsel. He argues the evidence is irrelevant and invites the jury to decide issues on improper grounds.

Olson and McKeon do not respond to this motion. Rose opposes the motion, but his arguments do not address the specific evidence Plaintiff seeks to exclude. Kraus argues, among other things, the disparities in the resources between Plaintiff and Defendants is significant, and "the players and the facts should be out in the open and speak for themselves." Doc. #478, at 26-27.

The size of the law firms involved, the number of attorneys involved, the means to pay a judgment, the inability or ability to retain and/or pay counsel, and the decision not to retain counsel are not relevant to the claims in this matter. Moreover, any probative value this evidence may have is substantially outweighed by the risk of unfair prejudice. Accordingly, Plaintiff's motion is granted.

**(25) Exclusion of Witnesses**

Plaintiff moves to exclude non-expert witnesses from the courtroom except when they are called to testify. Olson and McKeon do not respond to this motion. Rose opposes the motion, arguing witnesses should be allowed to hear all evidence. Kraus also objects to the motion, but his objection is premised on experts being placed in isolation, which is not what Plaintiff requested.

Pursuant to Rule 615 of the Federal Rules of Evidence, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. This rule, however, does not exclude a party who is a natural person (e.g., individual defendants), a designated representative of a party that is not a natural person, "a person whose presence a party shows to be essential to presenting the party's claim or defense," or "a person authorized by statute to be present." Fed. R. Evid. 615. At Plaintiff's request, the Court invokes Rule 615. Because the Court will not know who in the gallery is a witness, the parties are responsible for policing their own witnesses to ensure this Order is followed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 11, 2019   UNITED STATES DISTRICT COURT