IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> GIACOMO E. DI MASE, et al., <br><br> Defendants. | Case No. 16-09020-CV-W-ODS |

<u>ORDER AND OPINION ENTERING DEFAULT AGAINST
DEFENDANTS DURASEAL PIPE COATINGS COMPANY LLC AND
DURASEAL HOLDINGS, S.R.L. AS TO LIABILITY ON COUNTS I, II, AND III</u>

For the reasons stated below, the Court enters default against Defendants DuraSeal Pipe Coatings Company LLC ("DuraSeal Pipe") and DuraSeal Holdings, S.r.L. ("DuraSeal Holdings") on the issue of liability on Counts I, II, and III.

**I.      BACKGROUND**

Plaintiff Jerald Enslein filed this lawsuit in 2016, alleging claims against nine individuals and three corporate entities. Relevant to this Order, the corporate entities are DuraSeal Pipe, a Missouri limited liability company; DuraSeal Holdings, an Italian company; and HDI, Holding Development Investment, S.A. ("HDI"), a Luxembourg company.[1] Doc. #236, ¶¶ 16- 17, 22; Doc. #237, ¶¶ 16-17, 22; Doc. #244, ¶¶ 16-17, 22; Doc. #274, ¶¶ 16-17, 22; Doc. #362, at 6; Doc. #364, at 13, 41-42.

DuraSeal Pipe, DuraSeal Holdings, and HDI were initially represented by Spencer Fane LLP. In July 2017, Spencer Fane sought leave to withdraw due to, among other things, their clients' lack of "sufficient resources to continue to retain counsel," and the law firm's continued representation "would very likely result in

---

[1] As explained *infra*, the Court's entry of default pertains to DuraSeal Pipe's and DuraSeal Holdings's liability as to Counts I, II, and III. Although this Order does not enter default against HDI on Counts I, II, and III (because HDI is not a party to those claims), the three entities have engaged in the same misconduct and risk even greater consequences if they continue to violate the Court's Orders and the Federal Rules of Civil Procedure. Also, the Court considered entering default against HDI but chose to hold that decision in abeyance. Accordingly, HDI is included in the Court's discussion.

financial hardship." Doc. #65. DuraSeal Pipe, DuraSeal Holdings, and HDI consented to the motion, and the Court granted the motion. Doc. #65, at 2-3; Doc. #66.[2]

Beginning in November 2017, attorneys from Rouse Frets White Goss Gentile Rhodes, P.C. entered appearances on behalf of DuraSeal Pipe, DuraSeal Holdings, and HDI. Docs. #123-24.[3] Rouse Frets remained counsel of record for the corporate entities, filing numerous motions and briefs. However, on July 12, 2019, approximately one month after the Court decided the parties' summary judgment motions, Rouse Frets filed a motion seeking to withdraw as counsel due to their clients' failure to pay a substantial amount of past due fees and expenses. Doc. #439. The Court expedited briefing on the motion due to the imminent pretrial filing deadlines, pretrial conference, and trial. Doc. #440. DuraSeal Pipe, DuraSeal Holdings, and HDI did not respond to the motion.

On July 23, 2019, the Court granted Rouse Frets's motion to withdraw. Doc. #442. In its Order, the Court informed DuraSeal Pipe, DuraSeal Holdings, and HDI that they were not permitted to represent themselves. *Id.* at 2-3 (citations omitted). They were informed they "must secure legal representation before the pretrial conference is held in this matter. If legal representation is not secured by the corporate defendants, they may be subject to default judgment against them and in Plaintiff's favor." *Id.* (citations omitted). In the same Order, the Court reminded DuraSeal Pipe, DuraSeal Holdings, and HDI that pretrial filings were due beginning on August 14, 2019, the pretrial conference was scheduled for September 11, 2019, and the trial would begin on November 4, 2019. *Id.* at 3 (citing Docs. #432, 437). The Court also stated it would "not alter or modify the scheduling order, and the pretrial conference and trial will not be postponed and all current deadlines shall remain in place." *Id.*

On August 20, 2019, the Court issued an Order reminding the parties of the pretrial conference set for September 11, 2019. Doc. #471. On September 4, 2019, the Court received a motion from Jose Di Mase, Giacomo Di Mase, DuraSeal Pipe, DuraSeal Holdings, and HDI seeking leave to appear at the pretrial conference telephonically or via video. Doc. #504. The motion was signed by Giacomo Di Mase on

---

[2] Spencer Fane was also granted leave to withdraw as counsel for Jose Di Mase and Lee Kraus. Docs. #66.
[3] Rouse Frets also entered appearances on behalf of Jose Di Mase, Giacomo Di Mase, and Lee Kraus.

2

behalf of himself and signed by Jose Di Mase on behalf of himself and on behalf of DuraSeal Pipe, DuraSeal Holdings, and HDI.  *Id.* at 2.  The Di Mases, DuraSeal Pipe, DuraSeal Holdings, and HDI were listed as "pro se" on the motion.  *Id.*

On September 6, 2019, the Court issued its decision on the motion.  Doc. #506.  The Court granted Jose Di Mase and Giacomo Di Mase's request for leave to appear at the pretrial conference telephonically.  *Id.* at 2.  But the Court denied DuraSeal Pipe, DuraSeal Holdings, and HDI's request to appear telephonically.  *Id.*  The Court informed the Di Mases that because they were not attorneys, "[t]hey may NOT represent the corporate entities or file documents on behalf of the corporate entities."  *Id.* at 2.  Regarding the pretrial conference, the Court reiterated its expectations and the ramifications of the corporate entities' decision not to secure counsel and participate:

> To be clear, the corporate entities are not permitted to represent themselves.  And, if they are not represented by counsel, the corporate entities may not attend or participate in the pretrial conference.  Without representation, no one is permitted to speak on behalf of the corporate entities or carry out any order issued by the Court to the corporate entities.  If they fail to secure counsel to represent them at the pretrial conference, the corporate entitles will be in violation of this Court's Orders, which will justify the Court entering a monetary judgment against them and in Plaintiff's favor.

*Id.*  The Order was sent via the Court's e-filing system to Jose Di Mase and Giacomo Di Mase, emailed from the undersigned's staff to Jose Di Mase and Giacomo DI Mase, and mailed to the corporate entities.

To date, DuraSeal Pipe, DuraSeal Holdings, and HDI have not filed their exhibit or witness lists (or any other pretrial filings).  Docs. #174, 432.  They have not engaged with the other parties in the process of stipulating to facts, foundation of exhibits, and admissibility of exhibits.  On September 11, 2019, no attorney appeared at the pretrial conference on behalf of the corporate entities.  During the hearing, in which Jose Di Mase (who signed on behalf of the corporate entities in the motion and who Rouse Frets identified as the person to receive filings on behalf of the corporate entities) participated, the Court stated it was inclined to enter default judgment against the parties who did not appear at the pretrial hearing.  To date, DuraSeal Pipe, DuraSeal Holdings, and HDI remain unrepresented and have not filed anything since July 2019.

3

## II. DISCUSSION
### A. Counts I, II, and III

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (citation and internal quotations omitted). Because DuraSeal Pipe and DuraSeal Holdings have failed to defend against this lawsuit, and they have willfully violated the Court's Orders, the Court finds the circumstances constitute default and warrant entry of default as to liability on Counts I, II, and III.

First, DuraSeal Pipe, DuraSeal Holdings, and HDI remain unrepresented. Once their attorneys were granted leave to withdraw, each corporate entity was "technically in default." *Ackra Direct Mktg. Corp.*, 86 F.3d at 857 (finding an unrepresented company was "technically in default" once counsel withdrew); *see also Blank v. Broadsword Grp., LLC*, No. 14CV1550, 2017 WL 5132662, at *4 (E.D. Mo. Nov. 6, 2017) (finding an unrepresented limited liability company in default for "being without counsel and for its failure to appear at a long-set trial of the case"); *Barth v. Patinan Tuatanto, LLC*, No. 11-950, 2012 WL 13029571, at *2 (D. Minn. Apr. 12, 2012) (entering default judgment against an unrepresented corporate entity). DuraSeal Pipe, DuraSeal Holdings, and HDI knew they could not represent themselves. Docs. #442, 471; *see Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (noting "it has been the law for the better part of two centuries…that a corporation may appear in federal courts only through licensed counsel."); *Carr Enters. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (citations omitted). Further, they were twice forewarned that if they did not obtain counsel, the Court might enter and would be justified in entering a judgment against them. Doc. #442, at 2-3; Doc. #506, at 2. Nearly two months have passed since counsel was permitted to withdraw, but DuraSeal Pipe, DuraSeal Holdings, and HDI remain unrepresented.

Second, although they were advised that pretrial filings were due beginning in mid-August 2019, DuraSeal Pipe, DuraSeal Holdings, and HDI have not filed any

4

pretrial filings, and have failed to collaborate with the other parties in preparing required joint pretrial filings (i.e., stipulations of fact, foundation of exhibits, and admissibility of exhibits). Their failure to follow this Court's Orders is also grounds for entry of default. *See Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009-10 (8th Cir. 1993) (affirming the district court's entry of default against a party that failed to comply with court orders and discovery requests); *Marriott Homes, Inc. v. Hanson*, 50 F.R.D. 396, 400 (E.D. Mo. 1970) (entering default against the defendant because, among other things, he failed to comply with the court's orders, including the filing of witness and exhibits list). Because the corporate entities did not file exhibit lists or witness lists, they have "made it impossible to ascertain whether the allegations in [their] answer…have any factual merit." *Marriott Homes*, 50 F.R.D. at 400; *Life Ins. Co. of N. Am. V. Eufracio*, No. 13-CV-3023-DEO, 2014 WL 6775559, at *2-3 (N.D. Iowa Dec. 2, 2014) (entering default against the defendant because, among other things, he did not file his exhibit and witness lists). Furthermore, by failing to abide by the Court's scheduling and pretrial orders, the corporate entities have violated the Federal Rules of Civil Procedure, which allow this Court to sanction a party for failing "to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(C).

Third, DuraSeal Pipe, DuraSeal Holdings, and HDI did not appear at the Court's pretrial conference. The Court forewarned these entities of the likely consequences – i.e., entry of judgment against them – if they failed to appear at the pretrial conference. Yet, DuraSeal Pipe, DuraSeal Holdings, and HDI chose not to attend, knowing full well their failures to appear would likely result in default being entered against them. In deliberately choosing not to attend the pretrial conference, DuraSeal Pipe, DuraSeal Holdings, and HDI intentionally violated the Court's Order directing them to participate in the pretrial conference. *See Ackra Direct Mktg. Corp.*, 86 F.3d at 856 (finding a company's failure to response to orders, comply with pretrial requirements, and attend the pretrial hearing were grounds for default judgment); *Wood Re New Franchise Corp. v. Gibson*, No. 06-CV-3312-GAF, 2008 WL 11338458, at *1 (W.D. Mo. June 17, 2008) (citations omitted); *Armagost v. United States*, No. 07-CV-3240, 2010 WL 829178, at *1-2 (D. Neb. Mar. 4, 2010 (citations omitted). Their failure to appear at the pretrial conference also violated the Federal Rules of Civil Procedure, which permits the Court

5

to sanction a party who "fails to appear at a…pretrial conference." Fed. R. Civ. P. 16(f)(1)(A).

DuraSeal Pipe's, DuraSeal Holdings's, and HDI's continued and blatant disregard and willful violations of this Court's Orders merit entry of default against them. *See Ackra Direct Mktg. Corp.*, 86 F.3d at 856-57; *PHI Fin. Servs., Inc. v. West*, No. 17-CV-245-RGE, 2018 WL 4275393, at *1 (S.D. Iowa Aug. 16, 2019) (entering default against the defendant due to failure to comply with the court's orders, failure to participate in the preparation of the final pretrial order, and failure to appear at hearings, including the final pretrial conference); *Wood Re New Furniture Corp.*, 2008 WL 11338458, at *1 (entering default against defendants because they "failed to retain counsel within the time specified," "failed to show for the pretrial conference," and generally failed to participate in the matter).

For the foregoing reasons, the Court enters default against DuraSeal Pipe and DuraSeal Holdings as to liability on Plaintiff's breach of contract claims (Counts I, II, and III). Because those claims are not for sums certain or sums that can be made certain by computation, the Court holds in abeyance its entry of damages on these counts. At trial, Plaintiff shall present evidence establishing damages resulting from the breaches.

### B. Remaining Counts

Regarding the remaining claims brought against the corporate entities, the Court will withhold entry of default against DuraSeal Pipe, DuraSeal Holdings, and HDI until Plaintiff's claims against the other Defendants are resolved. Plaintiff's other claims are not only brought against the corporate entities but also brought against other Defendants who have not been found in default. Thus, the Court must await adjudication of those claims. *See Frow v. De la Vega*, 82 U.S. 522, 524 (stating entry of judgment against a defaulting party must await adjudication until liability is determined regarding the party's co-defendants in claims of fraud and conspiracy).

> When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the

defaulters, but to avoid the problems of dealing with inconsistent damage
determinations against jointly and severally liable defendants.

*Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (citing *In re Uranium Antitrust Litig.,* 617 F.2d 1248, 1261-62 (7th Cir. 1980)).

If the Court were to enter default against DuraSeal Pipe, DuraSeal Holdings, and HDI on the remaining claims, inconsistent results may occur. That is, the Court would have already found the corporate entities liable for the claims, but the jury could find the other Defendants are not liable for the same claims. "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).[4]

The Court must give the other Defendants the full opportunity to litigate the claims against them. Further, the Court seeks to avoid inconsistent judgments. Thus, the Court will not enter default at this time against DuraSeal Pipe, DuraSeal Holdings, and HDI regarding the remaining claims brought against them. However, to be clear, the Court expressly reserves the right to enter default and likely will enter default against DuraSeal Pipe, DuraSeal Holdings, and HDI on the remaining claims.

### III.     CONCLUSION

For the foregoing reasons, the Court directs the Clerk of the Court to enter default against DuraSeal Pipe and DuraSeal Holdings as to liability on Counts I, II, and III. The Court withholds entry of default as to damages for Counts I, II, and III, and holds in abeyance its entry of default against DuraSeal Pipe, DuraSeal Holdings, and HDI as to the remaining claims against them.
IT IS SO ORDERED.

                                                                   /s/ Ortrie D. Smith
                                                                   ORTRIE D. SMITH, SENIOR JUDGE
DATE:  September 16, 2019                   UNITED STATES DISTRICT COURT

---

[4] For Counts I, II, and III, inconsistent results are unlikely because those claims are brought against DuraSeal Pipe and DuraSeal Holdings, and the claims are based solely on DuraSeal Pipe's and DuraSeal Holdings's "independent wrongful acts."

7