IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JERALD S. ENSLEIN, in his capacity as )
Chapter 7 Trustee for Xurex, Inc., )
 )
          Plaintiff, )
 )
vs. )   Case No. 16-09020-CV-W-ODS
 )
GIACOMO E. DI MASE, et al., )
 )
          Defendants. )

<u>ORDER AND OPINION (1) DENYING PLAINTIFF'S APPLICATION FOR
DEFAULT AGAINST DEFENDANT JENSVOLD, (2) DENYING PLAINTIFF'S
APPLICATION FOR DEFAULT AGAINST DEFENDANT JOHNSTON,
AND (3) CLARIFYING THE COURT'S SEPTEMBER 16, 2019 ORDER</u>

Pending are Plaintiff's Application for Default Against Defendant Tristram Jensvold (Doc. #509) and Plaintiff's Application for Default Against Defendant Joe Johnston (Doc. #537). For the following reasons, the Court denies Plaintiff's motions and further clarifies its September 16, 2019 Order (Doc. #516).

**I.    PLAINTIFF'S APPLICATION FOR DEFAULT AGAINST JENSVOLD**

Plaintiff filed his Complaint in August 2016, alleging claims against Tristram Jensvold and several others. A return of service indicated Jensvold's father accepted service for Jensvold in January 2017. Doc. #12-5, at 2. On May 4, 2017, Plaintiff moved for default against Jensvold. Doc. #11-12. After Jensvold failed to respond to the motion, the Court ordered him to show cause why Plaintiff's motion should not be granted. Doc. #18. On May 30, 2017, Jensvold asked the Court to dismiss Plaintiff's request for entry of default, arguing he had not been personally served. Doc. #23.

On June 29, 2017, the Court found service of process was not proper based on the record before it but also determined Jensvold's conduct was "evasive and misleading." Doc. #34. The Court granted Plaintiff additional time to serve Jensvold. *Id.*; *see also* Docs. #69, 93, 116. On November 16, 2017, Jensvold was personally served. Doc. #122. Jensvold did not file an answer or respond to Plaintiff's Complaint.

On December 14, 2017, the Court noted Jensvold failed to timely respond to the Complaint and "[t]he Record reflects Defendant Jensvold is in default." Doc. #130. The Court directed Jensvold to show cause why default should not be entered against him. *Id.* The Court forewarned Jensvold that if he did not comply with the Order, a judgment may be entered against him without further notice. *Id.* Jensvold did not respond to the Court's Order.

On August 15, 2018, Plaintiff filed his Amended Complaint. Doc. #244. The Amended Complaint included one new claim against Jensvold – aiding and abetting breach of fiduciary duty – that was not asserted in the initial Complaint. Doc. #1-2; Doc. #244; Doc. #509, at 3. Plaintiff did not serve the Amended Complaint on Jensvold. Doc. #509, at 3-4.

Plaintiff now asks the Court to default judgment against Jensvold on the claims alleged in the initial Complaint, or alternatively, recognize Jensvold remains in default with the amount to be determined at trial or other hearing in this matter. *Id.* at 5. The Court directed Jensvold to respond to Plaintiff's motion. Doc. #512. Jensvold never responded.

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment…. The court may conduct hearings…when, to enter or effectuate judgment, it needs to:…(B) determine the amount of damages….

Fed. R. Civ. P. 55(a)-(b). Entry of default under Rule 55(a) must precede entry of default judgment under Rule 55(b). *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998). Entry of default under Rule 55(a) is not an entry of a judgment;

"it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2)...." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). In addition, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (citation omitted). As another court explained, Rule 55 "requires two steps before entry of a default judgment": (1) the party has the clerk enter the default by submitting the necessary proof establishing the opposing party failed to plead or otherwise defend, and (2) the party moves for entry of default judgment under Rule 55(b)(1) or (b)(2). *Hayek v. Big Brothers/Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2001) (citation omitted).

Plaintiff did not satisfy the first step – i.e., he did not seek entry of default under Rule 55(a). This was mentioned in the Court's Order on the parties' dispositive motions. Doc. #434-1, at 19-20. Regardless, if the current motion is construed as seeking said relief, the motion must be denied for the same reasons Plaintiff's motion for default against the DuraSeal Pipe, DuraSeal Holdings, and HDI was denied. *See* Doc. #516. Plaintiff alleges the following claims against Jensvold in the initial complaint:[1] misappropriation of trade secrets, civil conspiracy, and breach of fiduciary duty. Doc. #1-2. These claims are brought against multiple Defendants,[2] who, as best the Court

---

[1] Although Plaintiff does not cite Eighth Circuit authority regarding the applicability of initial and subsequent complaints when a party is not served with the subsequent complaint, the cases cited by Plaintiff, particularly the Second Circuit's decision, are persuasive. As the Second Circuit noted, until an amended complaint that requires personal service is served, the amended complaint is "in an 'inchoate state' until served. It would make little sense to hold...that a complaint in such a state supersedes a properly served complaint. Such a holding would leave a case in a state of suspended animation in the interim between filing and service of the amended complaint, with the court perhaps even lacking personal jurisdiction over the defendant." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977). When affirming the district court's entry of default judgment on the original complaint against one defendant, the Second Circuit noted it was "immaterial" that the plaintiff was "proceeding against certain other defendants on the amended complaint, since they have been properly served with that complaint." *Id.* at 668 n.3. No other party disputes Plaintiff's position and persuasive authority on this issue. Moreover, the Court is unaware of a situation where a defendant could be found in default for failing to respond to a complaint with which he was never served. Thus, the Court considers Plaintiff's initial complaint when examining the motion for default against Jensvold.

[2] The Court granted summary judgment in favor of nearly all Defendants on Plaintiff's misappropriation of trade secrets claim; however, Jensvold and Leonard Kaiser did not

3

can discern, will be jointly and severally liable for damages. As noted in its decision on Plaintiff's motion for default against the corporate entities, the Court must wait until these claims are adjudicated before finding a party in default. Doc. #516, at 6-7 (citing *Frow v. De la Vega*, 82 U.S. 522, 524 (1872), *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (citation omitted), and *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted)). Accordingly, the Court denies Plaintiff's application for default against Jensvold but expressly reserves the right to enter default at a later time on the claims alleged against Jensvold.

## II. APPLICATION FOR DEFAULT AGAINST JOHNSTON

Pursuant to Rules 16 and 55 of the Federal Rules of Civil Procedure, Plaintiff moves for entry of default judgment against Joe Johnston, or alternatively, asks the Court to direct the clerk to enter default. Doc. #537. Plaintiff contends Johnston's failure to appear at the pretrial conference and his failure to obey the Court's Scheduling and Trial Order warrant entry of default judgment.

Johnston's failure to appear at the pretrial conference, failure to comply with the Court's Orders, and failure to submit required pretrial filings have resulted in the Court striking his witness and exhibit lists. Doc. #602. As a result, Johnston is only permitted to call witnesses and use exhibits included on Plaintiff's or Kraus's witness and exhibit lists. Thus, Johnston's failures have resulted in his limited ability to present witnesses and evidence at trial. Entry of default, under the particular circumstances before the Court, is not warranted. For this reason, the Court denies Plaintiff's motion.

Even if entry of default under either Rule 16 or Rule 55 were justified, the Court would not enter default against Johnston for the same reasons it denied Plaintiff's requests to enter default against other Defendants. *See* Doc. #516; *see supra*, section I. For this additional reason, Plaintiff's motion for default against Johnston is denied.

---

seek summary judgment on this claim. Doc. #434-1, at 72. Accordingly, Plaintiff's misappropriation of trade secrets claim remains pending against Kaiser and Jensvold.

## III. CLARIFICATION OF COURT'S SEPTEMBER 16, 2019 ORDER

### A. Damages on Counts I, II, and III

The Court previously entered default against DuraSeal Pipe and DuraSeal Holdings as to liability on Plaintiff's breach of contract claims (Counts I, II, and III). Doc. #516, at 6. Because the breach of contract claims were not for sums certain or sums that could be made certain by computation, the Court held in abeyance its entry of damages on those counts and stated, "[a]t trial, Plaintiff shall present evidence establishing damages resulting from the breaches." *Id*. Contrary to the Court's decision, Plaintiff, in his proposed jury instructions, states "damages against" DuraSeal Pipe and DuraSeal Holdings on Counts I, II, and III "should be determined by the Court, rather than the jury. Doc. #588, at 1-2. Plaintiff cites several cases to support his position, but the cited cases do not address the situation before this Court.

A jury trial commences next week on Plaintiff's Count VI (civil conspiracy), which is brought against all remaining Defendants, and Count VII (breach of fiduciary duty), which is brought against all remaining Defendants except Lee Kraus. Doc. #244, ¶¶ 233-46. In Counts VI and VII, Plaintiff alleges Xurex "sustained damages in an amount to be determined at trial." *Id*. ¶¶ 240, 245. Regarding the breach of contract claims (Counts I, II, and III), Plaintiff alleges he "sustained damages" as a result of DuraSeal Pipe's and DuraSeal Holdings' breaches of contract. *Id*. ¶¶ 2-5, 211, 218. Although unclear from the Complaint, Plaintiff's expert's report sheds light on the damages sought. Plaintiff's expert states the "estimated economic damages for count 6 are the same as my estimated economic damages for counts 1 through 3," and his "estimated economic damages for count 7 are the same as my economic damages for counts 1 through 3." Doc. #356-1, at 41, 43.

Because Plaintiff will present the same economic damages for Counts VI and VII as he would for Counts I, II, and III, it would be inefficient and a waste of the Court's and the parties' resources for the jury to determine only damages for Counts VI and VII, and then, at some later time, the Court hold a hearing and determine damages for Counts I, II, and III. Accordingly, the Court intends to instruct the jury to assess damages for Counts I, II, and III. As the Court previously stated, Plaintiff must be prepared to submit evidence of damages resulting from the breaches of contract in Counts I, II, and III.

B.  Determination of DuraSeal Entities' Liability Under Counts VI and VII

In its September 16, 2019 Order, the Court denied Plaintiff's request to enter default against DuraSeal Pipe, DuraSeal Holdings and HDI on Counts VI and VII.  Doc. #516, at 6-7.  The Court withheld entry of default against these entities until "Plaintiff's claims against the other Defendants are resolved."  *Id.* at 6.  Following precedent from the United States Supreme Court and the Eighth Circuit Court of Appeals, the Court determined it must wait adjudication of Counts VI and VII because Counts VI and VII were brought against multiple Defendants who may be jointly and severally liable for damages.  *Id.* at 6-7 (citing *Frow*, 82 U.S. at 524, *Pfanenstiel Architects*, 978 F.2d at 433, and *Angelo Iafrate Constr.*, 370 F.3d at 722).  Contrary to the Court's decision, Plaintiff's proposed jury instructions suggest the Court entered default judgment against DuraSeal Pipe and DuraSeal Holdings on Counts VI and VII.  To be clear, the Court did not enter default against these entities on Counts VI and VII.

C.  DuraSeal Entities and HDI Are Not Permitted to Participate in Trial

DuraSeal Pipe, DuraSeal Holdings, and HDI have been unrepresented by counsel since July 2019.  These Defendants were informed they were not permitted to represent themselves and they must secure legal representation.  Doc. #442, at 2-3; Doc. #506, at 1-2.  The Court informed DuraSeal Pipe, DuraSeal Holdings, and HDI that "if they are not represented by counsel, [they] may not attend or participate in the pretrial conference.  Without representation, no one is permitted to speak on behalf of the corporate entities or carry out any order issued by the Court to the corporate entities."  Doc. #506, at 2.  The Court also notified these corporate entities "may not file documents or otherwise defend themselves in this action."  *Id.*  The Court reiterated this information during the pretrial conference.  However, these Defendants remain unrepresented.

DuraSeal Pipe, DuraSeal Holdings, and HDI are not permitted to present evidence, argument, or otherwise participate in the trial.  They are not allowed to file pretrial or trial documents.[3]  Further, the individual Defendants, who are not licensed

---

[3] The Court notes HDI – along with Jose Di Mase, Giacomo Di Mase, and Leonard Kaiser – filed proposed jury instructions.  Doc. #597.  The Court will disregard the fact that HDI was included on the submission.

attorneys and are not admitted to practice in this Court, are prohibited from presenting evidence or argument on behalf of DuraSeal Pipe, DuraSeal Holdings, and HDI.

IT IS SO ORDERED.

DATE: November 1, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT