IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JERALD S. ENSLEIN, in his capacity as )
Chapter 7 Trustee for Xurex, Inc., )
)
Plaintiff, )
)
vs. ) Case No. 16-09020-CV-W-ODS
)
GIACOMO E. DI MASE, et al., )
)
Defendants. )

## ORDER AND OPINION (1) ENTERING DEFAULT JUDGMENT AGAINST DURASEAL PIPE COATINGS COMPANY, LLC, DURASEAL HOLDINGS, S.R.L., HDI, HOLDING DEVELOPMENT INVESTMENT, S.A., AND TRISTRAM JENSVOLD; AND (2) CLARIFYING JURY'S VERDICTS ON DAMAGES

### I. BACKGROUND

On February 28, 2020, the Court requested the parties' input on damages to be assessed against Defendants. Doc. #659, at 8-9, 14-16. Plaintiff Jerald Enslein and Defendant Lee Kraus provided the Court with their positions on what amount(s) of damages should be entered. Docs. #661-62. No other party filed a brief, and the time for doing so has passed.

As noted in the Court's prior Order, Plaintiff's expert, Robert Reilly, testified at trial about Xurex Inc.'s damages resulting from the 2010 Agreements and the 2012 Amendment. Doc. #659, at 14. Reilly provided two damage calculations that he described as "alternatives." *Id.* at 14-15. One damage calculation assumed the 2010 Agreements were valid and the 2012 Amendment did not exist. *Id.* at 15. The other calculation assumed the 2012 Amendment was valid, and the 2014 Amendment did not exist. *Id.* Plaintiff's counsel asked the jury to award both sums, which it did. *Id.*

Specifically, the jury found against Jose Di Mase on Plaintiff's civil conspiracy and breach of fiduciary duty claims associated with the 2012 Amendment and awarded Plaintiff $93,506,632.00 in damages. Doc. #630, at 1-2. Regarding Plaintiff's civil conspiracy and breach of fiduciary duty claims arising from elimination of minimum purchase obligations, creation of the rights to manufacture and produce Xurex products,

and/or the 2014 Amendment, the jury found in Plaintiff's favor and against Jose Di Mase, Giacomo Di Mase, Leonard Kaiser, and Lee Kraus (civil conspiracy only). *Id.* at 3-4. For these claims, the jury awarded $24,414,522.00 to Plaintiff. *Id.*

After trial, Plaintiff moved for default judgment against DuraSeal Pipe Coatings Company, LLC ("DuraSeal Pipe"), DuraSeal Holdings, S.r.L. ("DuraSeal Holdings"), HDI, Holding Development Investment, S.A. ("HDI"), and Tristram Jensvold on Plaintiff's breach of fiduciary duty claims (Count VII); and against DuraSeal Pipe on certain equitable and bankruptcy claims (Counts XI and XII). Docs. #638-39. Plaintiff asked the Court to enter default judgment against DuraSeal Pipe and DuraSeal Holdings in the amounts of $93,506,632.00 for their conduct associated with the 2012 Amendment and $24,414,512.00 for their conduct leading up to and including the 2014 Amendment. Doc. #638. Plaintiff also asked the Court to enter default judgment against HDI and Jensvold in the amount of $24,414,522.00. Docs. #638-39. The Court granted Plaintiff's motions but deferred consideration of damages and asked for the parties' input on the issue. Doc. #659, at 7-8, 14-16. This Order addresses the proper amount of damages to be assessed against Defendants.

## II. DISCUSSION

Federal law controls this Court's review of the jury's verdicts. *See Donovan v. Penn. Shipping Co.*, 429 U.S. 648, 649-50 (1977)*; Landmark Infrastructure Holding Co. v. R.E.D. Invs., LLC*, No. 15-CV-04064-NKL, 2018 WL 2013039, at *3-4 (W.D. Mo. Apr. 30, 2018) (citation omitted), *aff'd,* 933 F.3d 906 (8th Cir. 2019). When reviewing a jury's verdict, this Court starts with the "presumption that the damages awarded were not duplicative." *Matrix Grp., Ltd., Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 592 (8th Cir. 2007). While "a party is entitled to proceed on various theories of recovery, a party is not entitled to collect multiple awards for the same injury." *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 742 (8th Cir. 2000) (citation omitted). If a jury's damage awards are duplicative or overlap, the appropriate remedy is for the Court to enter a judgment on the larger amount. *Id.* (finding a party was not permitted to collect separate damage awards because the party's damage calculations on its legal theories overlapped); *Structural Polymer Grp., Ltd. v. Zoltek Corp.*, No. 05-CV-321, 2007 WL

1083999, at *4 (E.D. Mo. Apr. 11, 2007), *aff'd*, 543 F.3d 987 (8th Cir. 2008) (finding the damage awards for two claims were duplicative, and the appropriate remedy was for judgment to be entered on the larger of the two amounts); *see also Landmark Infrastructure Holding Co.*, 2018 WL 2013039, at *3-4 (noting damages recoverable for negligent misrepresentation and breach of contract claims are not coextensive and finding no "evidentiary or logical basis for the suggestion" that the jury's damage awards were duplicative), *aff'd,* 933 F.3d 906 (8th Cir. 2019).

Plaintiff argues the jury's damage awards are not duplicative and do not overlap because they are based on distinct transactions with different conduct by different people. Doc. #662, at 2. He also contends Defendants cannot claim wrongful conduct leading up to and including the 2012 Amendment excuses their later breaches of fiduciary duty and conspiracy to breach fiduciary duties. *Id.* at 3-4. And, according to Plaintiff, the jury's finding against Jose Di Mase related to the 2012 Amendment did not preclude its finding against any Defendants regarding conduct leading up to and including the 2014 Amendment. *Id.* at 4. Neither verdict form asked the jury to consider the conduct addressed in the other verdict form. *Id.*[1]

Kraus concedes the damage award of $93,506,632.00 in Verdict Form A is legally supported and agrees Jose Di Mase is liable for that amount. Doc. #661, at 2, 11. But Kraus maintains the two jury awards are mutually exclusive, duplicative, and the damages awarded in Verdict Form B is not legally supported. *Id.* at 3, 10-11. Kraus asserts that finding the 2012 Amendment invalid "necessarily disproves the central promise of the second theory (that the 2012 Amendment is valid)," and Plaintiff cannot recover damages based on the 2012 Amendment being invalid (Verdict Form A) and simultaneously recover damages on the 2012 Amendment being valid (Verdict Form B).

---

[1] Plaintiff suggests three potential explanations for the jury's verdicts: (1) the jury thought the 2012 Amendment was void but chose to award some lost profits against those Defendants who understood the 2012 Amendment to be operative; (2) the jury understood that while the 2012 Amendment arose from a breach of fiduciary duty, it was not automatically void, and the damages reflect profits lost for failing to enforce the 2012 Amendment; or (3) the jury did not consider the 2012 Amendment's validity but chose to measure the harm from Defendants' acts by profits lost under the 2012 Amendment. *Id.* at 5. Setting aside this is merely speculation, the amounts awarded by the jury equal the amounts proposed by Plaintiff's counsel and Plaintiff's expert's testimony, so speculation as to why the jury rendered the verdicts it did is inconsequential.

*Id.* at 3, 9.  Finally, Kraus argues Plaintiff's damage calculations (and the damage awards derived from his calculations) assume "lost profits from largely overlapping time periods based on contractual minimum purchase obligations," and Defendants cannot be liable twice for failing to purchase barrels of Xurex products.  *Id.* at 11.

The jury's two damage awards compensated Plaintiff for damages caused by different conduct by different people at different times based on different transactions.  Regarding Plaintiff's civil conspiracy and breach of fiduciary duty claims, which were based on conduct leading up to and including execution and approval of the 2012 Amendment, the jury found Jose Di Mase's conduct directly resulted in damages to Plaintiff in the amount of $93,506,632.00.  Doc. #625, at 24-25, 32; Doc. #630, at 1-2.  Regarding Plaintiff's other civil conspiracy and breach of fiduciary duty claims, which were based on conduct leading up to and including the execution of the 2014 Amendment, the jury found Jose Di Mase's, Giacomo Di Mase's, Kaiser's, and Kraus's conduct damaged Plaintiff in the amount of $24,414,522.00.  Doc. #627, at 27-32; Doc. #630, at 3-4.  In neither verdict was the jury asked to consider the conduct at issue in the other verdict.

Although the claims submitted to the jury related to contracts and involve entering contracts, the claims were independent of Plaintiff's breach of contract claims.  Contrary to Kraus's argument, the jury's finding against Jose Di Mase in Verdict Form A did not equate to the jury finding the 2012 Amendment was valid.  The jury was not asked to make such a finding.  Moreover, the jury's decision in Verdict Form A did not entitle Defendants to enter civil conspiracies or breach fiduciary duties after the 2012 Amendment was executed.

However, Plaintiff's damage theories for his civil conspiracy and breach of fiduciary duty claims were identical to his breach of contract damage theories.  As Kraus points out, Plaintiff's damage calculations, which the jury awarded, incorporated lost profits and lost royalty income that overlapped time periods.  One damage calculation included lost profits and lost royalty income from 2010 through 2018 and lost business value from 2016 to 2018.  The other damage calculation included, *inter alia*, lost royalty income, lost profits, and lost fees from 2011 through 2022.  Consequently, Plaintiff is recovering separate damage awards that overlap in part and seek the same types of

4

relief (albeit in different amounts) for the same injury. Plaintiff, of course, is not entitled to this. *See EFCO Corp.*, 219 F.3d at 742 (citation omitted).

The appropriate remedy is for this Court to enter a judgment on the larger of the two amounts. *See Landmark Infrastructure Holding*, 933 F.3d at 911-12; *Structural Polymer Grp.*, 543 F.3d at 1000.[2] Accordingly, the Court enters judgment for Plaintiff in the total amount of $93,506,632.00 for his claims of civil conspiracy and breach of fiduciary duty. At Plaintiff's suggestion, the Court clarifies that Plaintiff's total recovery for all claims, including the claims tried to the jury and the claims on which the Court has entered default judgment, is $93,506,632.00. Jose Di Mase, DuraSeal Pipe, and DuraSeal Holdings are jointly and severally liable for the entire amount of $93,506,632.00. HDI, Jensvold, Giacomo Di Mase, Leonard Kaiser, and Lee Kraus are jointly and severally liable for $24,414,522.00 of the judgment amount.

### III. CONCLUSION

As set forth above, the Court clarifies the jury's verdicts on damages, enters judgment in the amount of $93,506,632.00, and assesses damages against Jose Di Mase, Giacomo Di Mase, DuraSeal Pipe, DuraSeal Holdings, HDI, Jensvold, Kaiser, and Kraus in the amounts stated above.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 27, 2020 UNITED STATES DISTRICT COURT

---

[2] In the alternative, Plaintiff asked that, if the Court finds the damage awards are duplicative or overlap, the Court should merge the awards and enter a judgment awarding the larger amount of damages.