IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JERALD S. ENSLEIN, in his capacity as )
Chapter 7 Trustee for Xurex, Inc., )
                              )
         Plaintiff, )
                              )
vs.                            )     Case No. 16-09020-CV-W-ODS
                              )
GIACOMO E. DI MASE, et al., )
                              )
         Defendants. )

## JUDGMENT IN A CIVIL CASE

___X___ **Jury Verdict**. This action came before the Court for a trial by jury.


___X___ **Decision by the Court**. Plaintiff's motions for default judgment and motion to dismiss were presented to the Court for consideration and decision.


**IT IS ORDERED AND ADJUDGED** that, pursuant to the jury's verdicts rendered on November 15, 2019 (Doc. #630):

- The jury found in favor of Plaintiff on his breach of fiduciary duty claims against Defendants Jose Di Mase, Giacomo Di Mase, and Leonard Kaiser;
- The jury found in favor of Plaintiff on his conspiracy to breach fiduciary duty claims against Defendants Lee O. Kraus, Jr. and Jose Di Mase;
- The jury found in favor of Defendant Joe Johnston on Plaintiff's breach of fiduciary duty claim;
- As a result of Defendant Jose Di Mase's conduct associated with the 2012 Amendment, the jury awarded Plaintiff actual damages in the amount of $93,506,632.00 but did not award punitive damages; and
- As a result of Defendants Jose Di Mase's, Giacomo Di Mase's, Leonard Kaiser's, and Lee Kraus's conduct associated with the elimination of the minimum purchase obligations, creation of the rights to manufacture and produce Xurex

products, and/or the 2014 Amendment, the jury awarded Plaintiff actual damages in the amount of $24,414,522.00 but did not award punitive damages.[1]

**IT IS ORDERED AND ADJUDGED**, pursuant to the Court's February 28, 2020 Order (Doc. #659), that the following claims are dismissed with prejudice:

- Plaintiff's breach of contract claims (Counts I, II, and III) against Defendants DuraSeal Pipe Coatings Company, LLC ("DuraSeal Pipe") and DuraSeal Holdings S.r.L. ("DuraSeal Holdings");
- Plaintiff's civil conspiracy claims (Count VI) against Defendants DuraSeal Pipe, DuraSeal Holdings, HDI, Holding Development Investment, S.A. ("HDI"), and Tristram Jensvold;
- Plaintiff's fraudulent transfer claims (Counts IX and X) against Defendants DuraSeal Pipe and DuraSeal Holdings;
- Plaintiff's claims based upon Defendant Joe Johnston's bankruptcy claim and/or Plaintiff's objection to said bankruptcy claim (Count XI);
- Plaintiff's equitable subordination claims (Count XII) against Defendant Joe Johnston and DuraSeal Holdings; and
- Plaintiff's requests for declaratory judgments (Counts XIII and XIV) against all Defendants.  Doc. #659.

**IT IS ORDERED AND ADJUDGED**, pursuant to the Court's February 28, 2020 Order (Doc. #659) that the Court enters default judgment against Defendant Tristram Jensvold on Plaintiff's breach of fiduciary duty claim (Count VII).

**IT IS ORDERED AND ADJUDGED**, pursuant to the Court's February 28, 2020 Order (Doc. #659), that the Court enters default judgment against Defendants DuraSeal Pipe, DuraSeal Holdings, and HDI on Plaintiff's breach of fiduciary duty claims (Count VII), and enters default judgment against Defendant DuraSeal Pipe on Plaintiff's claim

---

[1] As explained *infra*, the Court clarifies the jury's damage awards.

related to his objection to a bankruptcy claim (Count XI) and Plaintiff's equitable subordination claim (Count XII).

**IT IS FURTHER ORDERED THAT JUDGMENT IS ENTERED** as follows:

(1)     As to Plaintiff's breach of fiduciary duty and civil conspiracy claims related to the conduct leading up to and including execution and approval of the 2012 Amendment, judgment is entered:

     (a)     for Plaintiff and against Jose Di Mase in the amount of $93,506,632;

     (b)     for Plaintiff and against DuraSeal Pipe in the amount of $93,506,632;

     (c)     for Plaintiff and against DuraSeal Holdings in the amount of $93,506,632;

     (d)     for Joe Johnston and against Plaintiff;

(2)     As to Plaintiff's breach of fiduciary duty claims related to the conduct leading up to and including execution of the 2014 Amendment, judgment is entered:

     (a)     for Plaintiff and against Jose Di Mase in the amount of $24,414,522;

     (b)     for Plaintiff and against Giacomo Di Mase in the amount of $24,414,522;

     (c)     for Plaintiff and against Leonard Kaiser in the amount of $24,414,522;

     (d)     for Plaintiff and against Tristram Jensvold in the amount of $24,414,522;

     (e)     for Plaintiff and against DuraSeal Pipe in the amount of $24,414,522;

     (f)     for Plaintiff and against DuraSeal Holdings in the amount of $24,414,522;

     (g)     for Plaintiff and against HDI in the amount of $24,414,522;

(3)     As to Plaintiff's conspiracy to breach fiduciary duty claims related to the conduct leading up to and including execution of the 2014 Amendment, judgment is entered:

     (a)     for Plaintiff and against Lee Kraus in the amount of $24,414,522;

     (b)     for Plaintiff and against Jose Di Mase in the amount of $24,414,522;

(4)     Plaintiff's total recovery of damages for all claims is $93,506,632;

(5)     Jose Di Mase, DuraSeal Pipe, and DuraSeal Holdings are jointly and severally liable for damages in the amount of $93,506,632;

(6)     HDI, Jensvold, Giacomo Di Mase, Leonard Kaiser, and Lee Kraus are jointly and severally liable for damages in the amount of $24,414,522;

(7)    As to Plaintiff's claim related to an objection to DuraSeal Pipe's proofs of claim, judgment is entered:

        (a)    for Plaintiff and against DuraSeal Pipe;

        (b)    Plaintiff's objection to DuraSeal Pipe's proofs of claim numbers 38-1 and 39-1 are sustained;

(8)    As to Plaintiff's equitable subordination claim against DuraSeal Pipe, judgment is entered for Plaintiff and against DuraSeal Pipe.


Date: March 27, 2020

PAIGE WYMORE-WYNN
Clerk of Court

s/ RENEA MATTHES MITRA
By: Renea Matthes Mitra, Courtroom Deputy