IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for XUREX, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>GIACOMO E. DI MASE, et al,<br><br>Defendants. | Case No. 4:16-cv-09020-ODS |

## DEFENDANT LEE KRAUS'S
## MOTION TO STAY EXECUTION ON THE JUDGMENT,
## PURSUANT TO RULE 62(a), AND SUGGESTIONS IN SUPPORT

Pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, Defendant Lee Kraus requests that the Court exercise its discretion to stay execution on the judgment, and any proceedings to enforce it, until thirty (30) days following any ruling denying the post-trial motions that Kraus will soon be filing, and/or until thirty (30) days following the resolution of any appeal taken by Kraus thereafter. The requested stay is warranted due to the current unprecedented national emergency and stay-at-home orders resulting from the COVID-19 virus, which has severely affected the region where Kraus resides (Connecticut, near New York).[1]

A stay is also justified by the likelihood of success that Kraus, through his upcoming post-trial motions, will prevail in obtaining either judgment as a matter of law or a new trial. It is a rare (and shaky) case indeed that prompts not a post-verdict judgment but an Order inviting the parties to provide input regarding judicial "concerns" about the "puzzl[ing]" nature of the prevailing

---

[1] Counsel for Kraus consulted counsel for Plaintiff regarding whether, in light of the pandemic and national emergency, the Trustee would agree not to oppose an extension of the 30-day automatic stay. The Trustee would not consent to an extension.

party's "alternative" damages measures. Doc. 659 at 14–15. As will be detailed in Kraus's post-trial motion (not limited to ten pages, like the invited response to the damages issue), numerous other significant and highly prejudicial errors occurred at the trial, including with respect to the jury instructions, which the Court acknowledged at the time made this case "one of the most difficult cases to instruct on that I've been involved with in my years here." Tr. at 1102:4–9.

Finally, given that Kraus has virtually no liquid assets, any attempt to execute on the judgment or initiate proceedings to do so would be unduly disruptive during the deadly pandemic afflicting the country and, in particular, the greater New York/Connecticut region where Kraus resides. And given that Kraus's non-liquid assets are nowhere near the amount of the $24.4M judgment against him, a stay will not materially prejudice Plaintiff in that attempting to execute the judgment against Kraus would achieve nothing anyway, except irreversible hardship for Kraus.[2]

## LEGAL STANDARDS

Rule 62 of the Federal Rules of Civil Procedure was amended effective December 1, 2018. The provision regarding the automatic stay of execution on a judgment now appears in sub-section (a) of Rule 62. The new, current version provides:

> **(a) Automatic Stay.** Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

Fed. R. Civ. P. 62(a); *see also Druding v. Care Alternatives*, No. 1:08-CV-2126-NLH-AMD, 2019 WL 5957403, at *3 (D.N.J. Nov. 13, 2019) (noting amendment and staying execution of judgment

---

[2] *See* Kraus Declaration (**Ex. A**) ¶¶ 8–9. A redacted version of the Kraus Declaration is attached hereto because it refers to confidential private and personal financial information. Accordingly, pursuant to the Protective Order entered in this case (Doc. 107), a motion for leave to file under seal an unredacted version of the Kraus Declaration is being filed contemporaneously.

through resolution of appellate process). Accordingly, under Rule 62(a), a Court has wide discretion to "order otherwise" and extend the period of time staying execution on a judgment.

Previously, Rule 62(b) addressed this situation, and it imposed a different and more stringent standard on a movant in these circumstances. The prior version of Rule 62(b) provided that a court's discretion to stay execution on a judgment involved determining "appropriate terms for the opposing party's security" during a stay through resolution of post-trial motions under Rule 50 and/or Rule 59. *Real View, LLC v. 20-20 Techs., Inc.*, No. CIV.A. 07-12157-PBS, 2011 WL 3568022, at *2 (D. Mass. Aug. 12, 2011) (partially granting motion to stay, upon the condition that movant post a $20,000 bond in the face of a $1,370,590 judgment).

## ARGUMENT

Multiple compelling grounds exist here to stay execution of the judgment, and together they support the Court exercising its discretion and extending the stay on execution on the judgment (and proceedings to enforce it) until thirty (30) days following the denial of Kraus's post-trial motions and/or until thirty (30) days following the resolution of any appeal taken by Kraus thereafter.

***First***, the unprecedented pandemic and havoc resulting from the COVID-19 virus have virtually shut down the region where Kraus resides. *See* Kraus Decl. (**Ex. A**) ¶ 9. Given stay-at-home orders, meeting and consulting with professionals related to obtaining a bond or regarding other options in the face of a $24.4M judgment is impossible. Even if Plaintiff were to initiate proceedings to execute on the judgment, those proceedings would inevitably be delayed. Further, the prejudice and inconvenience to Kraus associated with attempting to meet with and/or obtain counsel to defend such enforcement proceedings in Connecticut would be substantial. On its own,

the havoc wreaked by COVID-19 supports an extended stay.[3]

***Second***, the post-trial motion that Kraus will be filing will raise a number of strong grounds to enter judgment in Kraus's favor and/or to order a new trial in light of significant and prejudicial errors and flaws in how Plaintiff presented its case and sought to instruct the jury, among other issues. Indeed, as the Court's February 28, 2020 Order reflects, this was an intensively litigated case involving significant motion practice and many disputed issues, including issues that understandably "puzzled" the Court. Doc. 659 at 11, 15. At any time (and particularly during a pandemic), the Court should decline to allow Plaintiff to initiate proceedings to enforce a puzzling and flawed judgment when a strong chance exists that resolution of Kraus's post-trial motions will undo that judgment and/or require a new trial.

In *Druding v. Care Alternatives*, the court stayed execution on an $11,039.35 judgment related to a bill of costs throughout the pendency of an appeal on the underlying summary judgment order because, recognizing the potential for the appeal to succeed, "it is desirable to limit the number of times that money exchanges hands between the parties" and "to avoid, for instance, a scenario in which Plaintiffs first pay Defendant in accordance with this decision, the Third Circuit then rules in Plaintiffs' favor on appeal, and Defendant finally has to return the money to Plaintiffs." 2019 WL 5957403, at *3 (D.N.J. Nov. 13, 2019). These concerns are magnified exponentially here, where the judgment is significantly higher ($24.4M to roughly $11,000) and Plaintiff might initiate execution proceedings in the middle of a pandemic aimed at Kraus's non-

---

[3] Indeed, the effects of COVID-19 have led various federal agencies to suspend and halt enforcement or collection activities. *See, e.g.*, https://www.irs.gov/newsroom/irs-unveils-new-people-first-initiative-covid-19-effort-temporarily-adjusts-suspends-key-compliance-program (IRS suspending until July 15 various collection and lien actions); https://www.ed.gov/news/press-releases/secretary-devos-directs-fsa-stop-wage-garnishment-collections-actions-student-loan-borrowers-will-refund-more-18-billion-students-families (Department of Education halting collection actions and wage garnishments for 60 days following March 13).

liquid and insufficient assets, and it would be manifestly unjust and impractical for that process to occur only to find thereafter that such actions need to be undone should Kraus later prevail on his post-trial motion or on appeal.  See **Ex. A** (Kraus Decl.) ¶¶ 4–9.

*Third*, the inability of Kraus to post a bond or otherwise pay even a fraction of the judgment means that in a practical sense a further stay will not materially alter Plaintiff's prospects of executing the judgment. *Id.*  The court's reasoning in *Real View, LLC v. 20-20 Techs., Inc.*, No. CIV.A. 07-12157-PBS, 2011 WL 3568022 (D. Mass. Aug. 12, 2011), is instructive (even though decided under the prior version of the Rule). There, the court noted that the defendant had no ability to post a bond or pay the $1.3M judgment. *Id.* at *2–3.  Given post-trial motion practice, the court observed that "it seems unwise at this point to require [defendant] to dramatically restructure its corporation or file for bankruptcy when [plaintiff's] interests are adequately protected during a short stay." *Id.* at *3.  The court therefore permitted the stay to continue on the condition that the defendant post a $20,000 bond, and the court also ordered that the defendant "refrain from transferring assets outside of the normal course of business." *Id.*  Again, these concerns are even greater here.  It makes no sense and would be unwise to permit Plaintiff to initiate proceedings to execute on this $24.4M judgment when there is no prospect of satisfying it from Kraus and doing so would only cause immense harm and dramatic restructuring or a bankruptcy. *See Real View*.  The prior version of the rule led the *Real View* court to impose at least some form of tangible security (the $20,000 bond), but the language in the present version of Rule 62(a) does not support that outcome here.

## CONCLUSION

For the reasons stated above, the Court should exercise its discretion under Rule 62(a) and extend the automatic stay on execution on the judgment, and proceedings to enforce it, until thirty

(30) days following the denial of Kraus's post-trial motions and/or until thirty (30) days following the resolution of any appeal taken by Kraus thereafter.

Dated: April 9, 2020

Respectfully submitted,

BOULWARE LAW LLC

By: /s/ Jeremy M. Suhr
Brandon J.B. Boulware     MO # 54150
Jeremy M. Suhr     MO # 60075
1600 Genessee Street, Suite 416
Kansas City, MO 64102
Tele: (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

***Attorneys for Defendant Lee O. Kraus***

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April 2020, I electronically filed the foregoing with the United States District Court for the Western District of Missouri using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Copies of the above and foregoing were transmitted via U.S. Mail, to the following:

Leonard P. Kaiser
145 Emily Drive
Moore, SC 29369-8478
***Defendant***

Giacomo Di Mase
Largo dell'olgiata 15 isola 11D
Roma, Italy 00123
***Defendant***

Jose Di Mase
Largo dell'olgiata 15 isola 11D
Roma, Italy 00123
***Defendant***

DuraSeal Holdings S.r.L.
c/o Jose Di Mase
Largo dell'olgiata 15 isola 11D
Roma, Italy 00123
***Defendant***

DuraSeal Coatings Company LLC
c/o Jose Di Mase
Largo dell'olgiata 15 isola 11D
Roma, Italy 00123
***Defendant***

HDI, Holding Development Investment S.A.
c/o Jose Di Mase
Largo dell'olgiata 15 isola 11D
Roma, Italy 00123
***Defendant***

Joe Johnston
1501 N. Madison
Raymore, MO 64083
Joe Johnston
1501 N. Madison
Raymore, MO 64083
***Defendant***

Tristram Jensvold
522 Mills Point Road
Colchester, VT 05446
***Defendant***

By: /s/ Jeremy M. Suhr
   ***Attorney for Defendant***
   ***Lee O. Kraus***