IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-09020-CV-W-ODS |
| GIACOMO E. DI MASE, et al., | ) ) ) |
| Defendants. | ) |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT LEE KRAUS'S MOTION TO STAY EXECUTION ON JUDGMENT

Pending is Defendant Lee Kraus's Motion to Stay Execution on Judgment. Doc. #667. For the following reasons, Defendant Kraus's motion is granted in part and denied in part.

## I. BACKGROUND

On March 27, 2020, the Court entered its judgment, finding Plaintiff's total damages for all claims in this matter was $93,506,632. Docs. #664-65. The Court found Defendants Jose Di Mase, DuraSeal Pipe Coatings Company LLC, and DuraSeal Holdings S.r.L. were jointly and severally liable for the entire amount of damages, and Defendants Holding Development Investment, S.A. ("HDI"), Tristram Jensvold, Giacomo Di Mase, Leonard Kaiser, and Lee Kraus were jointly and severally liable for $24,414,522 of the judgment amount. *Id.* Kraus moves to stay execution on the judgment until thirty days after the Court issues its ruling on his post-trial motion and/or thirty days following the resolution of any appeal he takes. Doc. #667.

## II. LEGAL STANDARD

In 2018, Rule 62(a) of the Federal Rules of Civil Procedure was amended. The amendment extended the automatic stay for execution on a judgment from fourteen to thirty days after the judgment is entered. Fed. R. Civ. P. 62(a). According to the

committee's notes, "Amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay." Fed. R. Civ. P. 62(a) Committee Notes (2018). "One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated. Similarly, it may be important to allow immediate enforcement of a judgment that does not involve a payment of money." *Id.* Among other things, "the court may choose to supersede [the Rule 62(a) automatic stay] by ordering a stay that lasts longer or requires security." *Id.*; *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2902 (3d ed. 2020).

"The purpose of a bond is to secure a prevailing party from loss resulting from the stay of execution of the judgment in its favor." *Am. Modern Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2018 WL 6168000, at *1 (E.D. Mo. Nov. 26, 2018) (citation omitted). When determining whether a bond may be waived, courts have considered (1) "the complexity of the collection process," (2) "time required to obtain a judgment on appeal," (3) the court's "degree of confidence . . . in the availability of funds to pay the judgment," (4) "whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money," and (5) "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position." *Krekelberg v. Anoka Cty.*, No. CV 13-3562, 2020 WL 733404, at *9 (D. Minn. Feb. 13, 2020) (citation omitted).

### III. DISCUSSION

Kraus argues the Court should grant his stay request due to the unprecedented national emergency caused by COVID-19, the likelihood his post-trial motions will be successful, and his lack of liquid assets. Doc. #667, at 1-2. Regarding the COVID-19 pandemic, Kraus argues Plaintiff's execution on the judgment would cause him an "extreme hardship." Doc. #667-1, at 3. Due to the stay-at-home order, Kraus is unable to meet and consult with professionals to obtain a bond or discuss alternative options, as well as meet with and obtain counsel to defend any enforcement proceeding in Connecticut (where he resides). *Id.* at 1, 3-4. He also points out that several federal

agencies have suspended enforcement of collection actions during the COVID-19 pandemic. Regarding the purported strength of his post-trial motions, Kraus maintains a stay is warranted "in light of significant and prejudicial errors and flaws in how Plaintiff presented its case and sought to instruct the jury, among other things." *Id.* at 4.

Finally, Kraus claims he "has virtually no liquid assets" and cannot post a bond or pay a fraction of the judgment. *Id.* at 2, 5. Kraus represents he has no securities, liquid assets, or savings accounts. Doc. #669, at 2. Since 2016, Kraus has not earned any wages, and his only income has been liquidated tax deferred retirements savings. *Id.* Kraus states he entered a mortgage relationship with his wife "under which she provided funding to defend this Lawsuit by liquidating her retirement accounts." *Id.* at 3. He claims his net assets, which are mostly through his equity ownership percentage in real property, are not liquid. *Id.* But the Court notes Kraus does not identify what his other assets are. *Id.* Nevertheless, Kraus claims he will be forced to file for bankruptcy if Plaintiff attempts to execute on the judgment. He contends "a further stay will not materially alter Plaintiff's prospects of executing the judgment" and "will not materially prejudice Plaintiff." Doc. #668, at 2, 5.

Plaintiff opposes Kraus's motion. Doc. #671. He maintains Kraus has transferred assets to relatives since the jury's verdict. *Id.* at 5. On November 25, 2019, Kraus obtained a $104,000 loan from his wife secured by his interest in the home where they both reside. *Id.*; *see also* Doc. #671-1, at 5-10. Similar transactions for $150,000 and $80,000 were executed in December 2019. *Id.*; *see also* Doc. #671-1, at 11-46. According to Plaintiff, if Kraus fails to repay his wife, fails to pay a final judgment, fails to appeal the judgment, or fails to secure a stay of execution pending an appeal, Kraus will be in default, entitling Kraus's wife to take his ownership interest in the property at which they both reside. *Id.* In December 2019, Kraus transferred his interest in a property in Reno County, Kansas, to his sister. *Id.* at 6.

In addition, Plaintiff argues Kraus has not established he should be granted an unsecured stay, and instead, Kraus's inability to pay and the potential complexity of collection during the COVID-19 pandemic weigh against an unsecured stay. *Id.* at 10-14. Plaintiff also contends Kraus has not shown he is likely to succeed on his post-judgment motions or an appeal. Nevertheless, if the Court finds an unsecured stay is

merited, Plaintiff, in the alternative, asks that Kraus's ability to transfer assets be limited and the following additional restrictions be imposed:

> 1. Kraus shall direct all accountants and any other professional or person in possession of any of his banking, tax, or other financial records, to maintain and preserve all such records without any spoliation, from the period from August 31, 2016 forward, and shall obtain a corresponding commitment from each such person that he files with the Court. Such records should not be limited to those owned outright by Kraus individually, but should include marital property and any property held in the name of pass-through entities, such as Composite Capital LLC, or closely-held corporations in which Kraus owns an interest, such as Blue Wolf Mongolia Holdings Corp.
>
> 2. Kraus shall notify the Trustee in writing of his intent to transfer or sell any funds or assets in excess of $5,000 at least fourteen (14) days prior to any transfer or sale.
>
> 3. No funds or asset of Kraus will be transferred (i) outside the ordinary course of business, (ii) for less than a reasonably equivalent value, or (iii) to an insider or relative.
>
> 4. Kraus shall provide a verified summary of any asset, including accounts, in which he holds or held an ownership or beneficial interest, from the period August 31, 2016 forward.
>
> 5. Kraus shall agree in writing to the tolling of any statute of limitations applicable to fraudulent transfer claims, and all other creditor relief claims of every type and nature that the Trustee may have against Kraus or any third party who dealt with Kraus.
>
> 6. Kraus is required to pay and satisfy the judgment within fourteen (14) days of the Court's rulings on his post-judgment motions, in the absence of any other well-supported motion for a stay.

*Id.* at 16-17.

In his reply, Kraus argues Plaintiff relies on incomplete documentation to present a misleading argument about his asset transfer. Doc. #680, at 1, 3-4. Regarding the property in Reno County, Kansas, Kraus claims the transfer related to the closing of his mother's estate. Doc. #680-1, at 1-2. Upon his mother's passing, Kraus and his sister each owned fifty percent of two separate farmland parcels. *Id.* at 2. To close the estate, Kraus transferred his fifty percent interest in one property to his sister while his sister transferred her fifty percent interest in the other property to him. *Id.* Now, Kraus has complete ownership of one property, and his sister has complete ownership of the

other property. *Id.* Kraus does not discuss the loans/mortgages he executed in November and December 2019.

Regarding Plaintiff's proposed restrictions on the entry of an unsecured stay, Kraus is "generally agreeable" two proposed restrictions. Doc. #680, at 4. He is agreeable to not transferring funds or assets outside the ordinary course of business or for less than a reasonably equivalent value, and he is willing to agree in writing to the tolling of any statute of limitations applicable to fraudulent transfer claims Plaintiff may have against Kraus. *Id.*

The Court has carefully considered the parties' arguments, the applicable legal standard, the relevant factors, and the circumstances presented by this case and the judgment. Among other things, the Court is concerned by Kraus's financial transactions after verdicts were rendered in this case. And, regardless of those actions, Kraus has not demonstrated the relevant factors support his request for an unsecured stay. Arguments alone do not satisfy his burden.

The Court concludes a bond in the amount of $2,000,000 is sufficient and appropriate. Kraus shall have thirty days to obtain and file such a bond with the Court. Execution of the judgment is hereby stayed during this thirty-day period. Upon Kraus's filing of the bond, it shall be deemed approved by the Court, and a stay of execution on the judgment shall issue. In addition, from the date of this Order and until the stay is lifted, the Court prohibits Kraus from transferring any funds or assets outside the ordinary course of business or for less than a reasonably equivalent value. Finally, within thirty days of this Order, Kraus must file his written consent to tolling the statute of limitations applicable to fraudulent transfer claims asserted by Plaintiff.

Should Kraus fail to comply with any directive herein, the stay will be lifted and execution on the judgment will issue upon Plaintiff's application. Otherwise, the stay will conclude thirty days after the Court issues its decision on Kraus's post-trial judgments, but if Kraus files an appeal with the Eighth Circuit, the stay will continue until thirty days following the resolution of his appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court (1) stays execution on the judgment against Kraus, (2) directs Kraus to obtain and file a $2,000,000 bond within thirty days of the date of this Order, (3) prohibits Kraus from transferring any funds or assets outside the ordinary course of business or for less than a reasonably equivalent value, and (4) directs Kraus to file his written consent to tolling the statute of limitations applicable to fraudulent transfer claims asserted by Plaintiff within thirty days of this Order.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 4, 2020                    UNITED STATES DISTRICT COURT