IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> GIACOMO E. DI MASE, et al., <br><br> Defendants. | Case No. 16-09020-CV-W-ODS |

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT AND AWARDING PLAINTIFF POSTJUDGMENT INTEREST

Plaintiff Jerald Enslein moves to alter the Court's judgment to include postjudgment interest. Doc. #676. Defendants did not respond to the motion, and the time for doing so has passed. L.R. 7.0(c)(2).

Federal law governs the issue of postjudgment interest. *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Penn.*, 735 F.3d 993, 1007 (8th Cir. 2013). "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. 1961(a). Interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id*. Interest is "computed daily to the date of payment" and is "compounded annually." 28 U.S.C. § 1961(b).

On March 27, 2020, the Court entered judgment in Plaintiff's favor in the amounts of $93,506,632 as to Verdict A and $24,414,522 as to Verdict B. Doc. #630. Plaintiff requests the Court alter its judgment to include an award of postjudgment interest. The Court grants Plaintiff's motion and finds Plaintiff is entitled to postjudgment interest at the legal rate set by 28 U.S.C § 1961 to accrue from the date of judgment.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 28, 2020    UNITED STATES DISTRICT COURT