IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, in his capacity as Chapter 7 Trustee for Xurex, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-09020-CV-W-ODS |
| GIACOMO E. DI MASE, et al., | ) ) ) |
| Defendants. | ) |

ORDER AND OPINION GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S BILL OF COSTS

Pending is Plaintiff Jerald Enslein's Bill of Costs, which seeks recovery of $75,454.19[1] in costs. Doc. #670. Defendant Lee Kraus, the only Defendant who filed objections to the Bill of Costs, opposes any cost award. In the alternative, Kraus argues most of Plaintiff's costs are not recoverable. For the following reasons, Plaintiff's Bill of Costs is granted in part and denied in part.

I. STANDARD

The Federal Rules of Civil Procedure provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The party seeking costs bears the burden of persuading the Court that the costs sought are, in fact, compensable under 28 U.S.C. § 1920 or another statute. *Combs v. Cordish Cos.*, No. 14-CV-227-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015) (citations omitted). Once a

---

[1] Plaintiff's Bill of Costs lists $75,924.89 in costs. However, based on the Court's calculations, the copying costs were not correctly tabulated. Plaintiff's itemization of copying costs includes $2,558.30 for document reproduction; $24,162.10 for data extraction; $18,855.24 for generating production images; and $3,456.78 for scanning. Doc. #670, 4-5. These costs equal $49,032.42. Thus, Plaintiff's Bill of Costs should have totaled $75,982.39. In his reply, Plaintiff reduces the document reproduction cost by $528.20, reducing the copying costs to $48,504.22 and total requested costs to $75,454.19. Doc. #685, at 8.

prevailing party demonstrates a cost is compensable, there is a strong presumption the full amount is to be awarded, and the losing party bears the burden of demonstrating the award is inequitable. *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006); *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (citation omitted); 28 U.S.C. § 1920. Section 1920's categories of costs represent "rigid controls": only items in these categories may be taxed. *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (per curiam). While the Court has discretion in determining and awarding costs, its discretion cannot be used to compensate for costs not included in the statute. *Brisco-Wade*, 297 F.3d at 782-83; *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

## II. DISCUSSION

### A. <u>Award of Costs</u>

Kraus does not dispute Plaintiff is a prevailing party. Instead, relying solely on his pending Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial (Doc. #679), Kraus argues "equity weighs against granting any award of costs" because the judgment against him was a "miscarriage of justice" and a result of "mistaken, incorrect testimony by the Trustee that provided the jury with an improper basis to find Kraus liable," which was "compounded by incorrect closing arguments and incorrect jury instructions." Doc. #681, at 3. As set forth in the contemporaneously filed decision, the Court finds Kraus's arguments fail and denies his motion. Consequently, those same arguments fail in response to Plaintiff's Bill of Costs.

### B. <u>Recovery of Costs</u>

Plaintiff seeks recovery of (1) fees of the clerk, (2) fees for deposition transcripts, and (3) copying costs. Each category is discussed separately below.

### (1) Fees of the Clerk

Plaintiff seeks recovery of $526.00 for fees of the clerk. This amount includes fees for filing a declaratory judgment action in the Bankruptcy Court and a motion to withdraw the reference to the Bankruptcy Court. Kraus does not object to these costs, and the costs are taxable under section 1920(1). Accordingly, these costs are taxed.

### (2) Deposition Transcripts

Plaintiff asks the Court to tax $26,423.97 in costs for deposition transcripts of Jose Di Mase, Giacomo Di Mase, Lee Kraus, Dietmar Rose, Robert Olson, Steve McKeon, Joseph Johnston, Leonard Kaiser, Ken Pedersen, Robert Clifford, Ayman Gazawi, John Lowry, and William Loven. Doc. #670, at 3, 11-27. Assuming Plaintiff seeks recovery of stenographic transcription costs only, Kraus concedes these costs are not objectionable. Doc. #681, at 1. In his reply, Plaintiff clarifies he seeks stenographic transcription costs only. Doc. #685, at 2 n.2.

Based upon the summary judgment briefing and the evidence presented at trial, the Court finds the deposition costs were necessarily incurred and were not purely investigative. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762-63 (8th Cir. 2006) (citation omitted) (stating transcription costs may be taxed if the deposition was necessarily obtained and was not purely investigative); *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (stating the "determination of necessity must be made in light of the facts known at the time of the deposition," and the inquiry is "whether the depositions reasonably seemed necessary at the time they were taken.") (citations omitted). The costs are also reasonable. Accordingly, the Court taxes $26,423.97 in costs for the above identified deposition transcripts.

### (3) Copying Costs

The Court may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies are governed by the familiar standard of necessity. *Crues v. KFC*

*Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Plaintiff seeks $48,504.22[2] in copying costs: (a) $2,030.10 for document reproduction, (b) $43,017.34 for extracting data and generating production images, and (c) $3,456.78 for scanning.

### (a) Document Reproduction

Plaintiff incurred $2,030.10 in costs for copies made in preparation for five Defendants' depositions, and making copies of exhibits that were distributed to opposing parties during these depositions. Doc. #685, at 7-8. Contrary to Kraus's argument, the Court finds Plaintiff demonstrates these copying costs were necessarily obtained for use in this matter, and the costs are reasonable. Thus, the Court taxes costs in the amount of $2,030.10 for document reproduction.

### (b) Data Extraction and Production Images

Between July 2017 and July 2019, Plaintiff incurred costs of $43,017.34 for extracting data from electronically stored information ("ESI") and generating production images. Doc. #670, at 30-31.[3] There were fifteen data extraction, ranging from $1.25 to more than $17,000 per extraction. Production images were created on nine occasions, ranging from $46.17 to more than $16,000 per production.

Plaintiff explains it was necessary "to extract useable ESI from the raw data on" a hard drive containing "various email and other documents from certain custodians" at Xurex. Doc. #685-1, at 3-4. He represents, "[a]ll of these documents (ESI and hard documents) were either produced, or in the case of the hard documents, were made available to defendants for review." *Id.* at 4. Plaintiff states he "produced to defendants all of the ESI for which he seeks production costs." *Id.* Regarding data extraction and generation of production images in May 2018 and June 2018, those costs were associated with processing and producing ESI from DuraSeal Pipe Coatings Company's ("DuraSeal Pipe") server. Outside of May 2018 and June 2018, Plaintiff does not

---

[2] *See supra*, n.1.
[3] The costs are broken down as $24,162.10 for data extraction, and $18,855.24 for generating production images.

identify the documents from which data was extracted or what production images were generated. *See* Doc. #670, at 30-31; Doc. #685, at 3-5.

The Court finds the processing and producing ESI from DuraSeal Pipe's server was necessary. However, because Plaintiff has not provided any information related to data extractions and the generation of production images outside of May 2018 and June 2018, the Court cannot discern whether those costs were necessary. For these reasons, the Court grants Plaintiff's request for $34,416.01[4] for the costs incurred in May 2018 and June 2018 for data extraction and production image generation, but the Court denies Plaintiff's request for costs associated with data extraction and production image generation outside of May 2018 and June 2018 (i.e., $8,601.33).

### (c) Scanning, Converting Data into Readable Format, and Coding

Plaintiff asks the Court to award $3,456.78 for scanning, converting data into a readable format, and coding. According to Plaintiff's Bill of Costs, scanning costs include (1) $994.10 for Versadox's document reproduction in May 2017; (2) $2,214.91 for Marathon Digital Services in February 2018; and (3) $248.77 for KC Document Solutions in December 2018. Doc. #670, at 5, 8-10. Kraus argues Plaintiff should not be awarded costs for converting data into a readable format or coding the documents. In his reply, Plaintiff does not explain the document coding.

This Court has determined costs for "scanning documents and converting computer data into readable format constitute copying" and may be recoverable. *Trip Mate, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-CV-793-ODS, 2013 WL 3336631, at *1 (July 2, 2013) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3dd 158, 166 (3d Cir. 2012)). However, other than the date, vendor, and cost incurred, the Court has been provided no information about the requested costs. Without additional information, the Court cannot determine if these costs were necessary. Accordingly, the Court denies Plaintiff's request for costs associated with scanning, converting data into a readable format and coding.

---

[4] The amount awarded includes $17,555.00 for data extraction in May 2018; $46.17 for production image generation in May 2018; $61.25 for data extraction in June 2018; and $16,753.59 for production image generation in June 2018. Doc. #670 at 30-31.

### C. Liability

Kraus argues Plaintiff's costs should be assessed against the other defendants, and in particular, Defendants "whose conduct was found to have caused the jury's $93,506,632 damages award." Doc. #681, at 6. Kraus argues he has never held a position with or owed a fiduciary duty to Xurex, and Plaintiff never claimed he owed a fiduciary duty to Xurex. *Id.* Alternatively, Kraus asks that costs be divided equally among the defendants against whom judgment was entered. Plaintiff argues Kraus actively defended himself in this matter and had a full and fair opportunity to present his case, and joint and several liability should apply.

"Joint and several liability for costs is the general rule unless equity otherwise dictates." *Concord Boat Corp.*, 309 F.3d at 497 (citation omitted). "Imposing individual liability…[is] inconsistent with the presumption…that a prevailing party is entitled to recover all of its costs." *Id.* (citation omitted). "In the absence of strong opposing considerations, it would be inequitable to place the risk of noncollection on the prevailing party." *Id.*

Kraus has not demonstrated any Defendant generated more costs than other Defendants did. Also, there is no indication that Defendants, either individually or in groups, caused segregable litigation costs. Instead, Defendants, in large part, used the same evidence and called the same witnesses. Finally, Plaintiff seeking and recovering different damage amounts from two groups of Defendants does not justify departing from the general rule of joint and several liability. As noted by the Eighth Circuit, "a prevailing party seeking "varying amounts of damages" "is not sufficient reason to depart from" joint and several liability. *Id.* (stating "plaintiffs frequently do not seek the same amount of damages" against the opposing parties and allowing individual liability for costs in such instances "would create an exception that swallows the rule.").

Joint and several liability is the general rule. Kraus has not demonstrated the Court should depart from the general rule. Accordingly, the Court finds joint and several liability for costs is appropriate.[5]

---

[5] That said, "[j]oint and several liability should not unfairly force any" individual defendant "to bear the costs alone…." *Concord Boat Corp.*, 309 F.3d at 497.

### III. CONCLUSION

The Court grants Plaintiff's request for $526.00 in costs for fees of the clerk; grants Plaintiff's request for $26,423.97 in deposition transcript costs; grants Plaintiff's request for $2,030.10 for document reproduction costs; grants in part and denied in part Plaintiff's request for data extraction and production image generation costs in that $34,416.01 in costs are awarded and $8,601.33 in costs are denied; and denies Plaintiff's request for $3,456.78 in costs for scanning, converting data, and coding. The Court hereby taxes costs in the amount of $63,396.08 against Defendants Jose Di Mase, Giacomo Di Mase, Leonard Kaiser, Lee Kraus, Tristram Jensvold, DuraSeal Pipe Coatings Company LLC, DuraSeal Holdings S.r.L., and HDI, Holding Development Investment S.A., who are jointly and severally liable for the costs.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 31, 2020    UNITED STATES DISTRICT COURT

---

Defendants "could allocate the risk of costs among themselves, or any party satisfying the judgment could seek contribution from the others." *Id.* (citation omitted).